**Frederic T. MERTENS, Sr., as Administrator of the Estate of Frederic Thorn Mertens, deceased, Plaintiff**

v.

**The FLYING TIGER LINE, INC., Defendant.**

United States District Court
S. D. New York.
June 3, 1963.

Hawkins, Delafield & Wood, New York City, Ronald Charles Wolf, New York City, of counsel, for plaintiff.

Condon & Forsyth, New York City, Austin P. Magner, New York City, of counsel, for defendant.

WYATT, District Judge.

The action is for wrongful death resulting from an aircraft accident in Japan in September 1958. The action was commenced in this Court on the jurisdictional basis of diversity of citizenship. 28 U.S.C.A. § 1332.

The motion is by defendant under Fed. R.Civ.P. 12(b) for judgment of dismissal for lack of jurisdiction over the subject matter; it is asserted that jurisdiction has been taken away from this Court by the Warsaw Convention, an agreement between many sovereign nations which regulates air transport, to which the United States and Japan are parties, and the text of which may be found in 49 Statutes at Large pages 3000–3026.

■ The motion as made under Rule 12(b) is obviously out of time and therefore cannot be considered under that provision of the Rules. No motion under Rule 12(b) was made by defendant before pleading and no defense of lack of jurisdiction over the subject matter was asserted in the answer, filed May 29, 1959. See Fed.R.Civ.P. 12(b) and (d).

■ The motion will be entertained, however, as a "suggestion" by defendant of a lack of jurisdiction of the subject matter which can be made at any time under Rule 12(h).

Plaintiff is administrator of the Estate of Frederic Thorn Mertens, who boarded in California a plane operated by defendant and travelled on the plane as a passenger under a ticket (contract) issued by defendant. Decedent lost his life when the plane crashed in Japan.

The parties are in agreement that the Warsaw Convention is here applicable.

Article 28 of that Convention requires that an action

"must be brought, at the option of the plaintiff * * * either before the court of the domicile of the car-rier or of his principal place of business, or where he has a place of business through which the contract has been made, or before the court at the place of destination."

The parties are agreed that the Southern District of New York does not fit within any description of Article 28.

If the effect of that Article is to take away the ordinary diversity jurisdiction of this Court, the motion must be granted.

■ The question is settled to the contrary, however, by the decision of Judge Bryan in Spencer v. Northwest Orient Airlines, Inc., 201 F.Supp. 504 (S.D.N.Y.1962). This is the most recent decision in this District and discusses most, if not all, of the earlier precedents. Judge Bryan expressed his conclusion as follows:

"I cannot conceive that it was the design or effect of Article 28, drafted in contemplation of adherence by many nations with widely divergent systems of jurisprudence and court structure, to deal with questions of technical subject matter jurisdiction within the framework of the federal judicial system of the United States or to impinge upon the jurisdiction conferred by Congress upon the federal courts." (201 F.Supp. at 507)

Defendant advances a number of points to demonstrate error by Judge Bryan in the Spencer case and by Judge McGohey in an earlier similar decision in this District. I have carefully considered defendant's points but am not persuaded by them.

■ Defendant has not advanced the idea of a transfer under 28 U.S.C.A. § 1406; as also pointed out by Judge Bryan in the Spencer case, it is too late after answer to object to venue or to move to transfer.

Motion denied.

So ordered.