(C.D. 4275)

PHARMACIA LABORATORIES, INC. *v.* UNITED STATES

Port of New York, Court No. 71-5-00186

(Dated September 23, 1971)

*Serko & Sklaroff* for the plaintiff.
*L. Patrick Gray, III,* Assistant Attorney General, for the defendant.

RAO, Chief Judge: This is a motion by defendant to quash the summons filed by plaintiff, and to dismiss the instant action for lack of jurisdiction.

It is alleged that the summons is jurisdictionally defective for failure to conform to the requirements of Rules 3.3(b) and 3.4(a)(5) of

the Rules of this Court. Specifically, it is asserted that the omission of counsel to certify "that duties have been paid, that the protests have been duly filed and denied, and that the multiple protests incorporated in the summons involve common issues and the same category of merchandise, the conditions precedent to the invocation of this Court's jurisdiction * * * 28 U.S.C. 1582(a)" renders the instant summons void.

Since this is not a case where multiple protests were incorporated in the summons, questions of common issue or category of merchandise are obviously superfluous, and hence clearly irrelevant to any consideration of the validity of this summons.

The court is therefore here concerned with the effect of the failure of counsel to certify that the protest was filed and denied as prescribed by law, and that all liquidated duties, charges, or exactions have been paid.

As to the first of these issues, little need be said. The date of filing and the date of denial of the protest are evident from the face of the summons, and, absent any statement to the contrary, it is a reasonable assumption that such filing conformed to statutory requirements. In any event, the official papers before the court plainly indicate the date of liquidation from which this court may readily determine that the protest was timely filed.

The only serious question raised by this motion relates to the failure of counsel for plaintiff to certify that all liquidated duties have been paid.

By statute (28 U.S.C. § 1582, as amended) the fact that all liquidated duties, charges or exactions have been paid at the time an action is filed in this court is a jurisdictional condition precedent to instituting such action. If payment of duties has not been made, the court lacks jurisdiction to entertain the action. From this requirement there can be no departure. But does it follow, as a necessary consequence, that the failure to state this fact, as distinguished from the failure to comply with this condition, constitutes a fatal jurisdictional defect?

Counsel for defendant asserts that it does, and in substance argues that it is immaterial that such duties may have been paid prior to the filing of the summons, if the summons does not plainly state such fact, it is invalid, and should be dismissed. Counsel argues that neither the defendant nor the court should be put to the burden of ascertaining dehors the record that this jurisdictional requirement has been met.

Plaintiff urges in effect that it is the fact, not the allegation, which determines jurisdiction, and the failure to state the fact is a curable omission. It is argued that matters of form should not operate to defeat jurisdiction, and that the substantive support of jurisdiction in this respect is a matter which the court can and may check independently.

In conclusion, plaintiff invites the court's attention to Rule 3.4(a) which provides that a summons need only be substantially in the form as shown in the Appendix to the Rules, and to Rule 1.1(b) which provides as follows:

(b) Scope and Construction: These rules govern all proceedings in the United States Customs Court and shall be so construed as to promote the just, speedy, and inexpensive determination of every action. * * * Where, in any proceeding or in any instance, there is no applicable rule of procedures, the judge or judges before whom the action is pending, may prescribe the same.

The summons is the process by which an action is instituted in this court. The statute which so mandated, namely the Customs Courts Act of 1970, also provided that a summons shall be "in the form, manner, and style and with the content prescribed in rules adopted by the court." 28 U.S.C. § 2632(a), as amended.

Rule 3.4(a) purports to conform to the statutory requirement, and does in fact provide, *inter alia*, that every summons shall include a signed statement that all liquidated duties have been paid.

In its detail and in its specificity the summons described and defined by this rule constitutes a departure from the generally understood concept of a summons as the process or notice which apprises the party to be sued of the pendency of an action and affords him an opportunity to appear in opposition. *United States* v. *Van Dusen*, 78 F. 2d 121 (1935).

Jurisdictional requirements to institute an action customarily constitute elements of a complaint. Rarely, except in the case of inferior civil courts, or where no other formal pleadings are provided, are such requirements included in the initiatory process which has come to be known as a summons.

What this court has created by its Rule 3.4 is something in the nature of a hybrid. It possesses the requisite characteristics of a summons as well as some of the characteristics of a complaint. The latter have been deemed essential for administrative purposes and are particularly suited to the requirements of practice in this forum. In addition, the jurisdictional allegations prescribed by this rule are needed when a determination of a controversy is made without further formal pleadings.

It is to be noted, however, that both in Rule 1.1(b) and Rule 4.8 the court's desire for liberal interpretation of its rules and of the pleadings and proceedings to which they relate is clearly evidenced. Nevertheless, explicit provision is made for amendment of pleadings, whereas the rules are silent with respect to amendment of process.

The present trend in judicial as well as Congressional philosophy is to avoid dismissal of suits on technical grounds. Even where essential

jurisdictional averments are omitted from pleadings courts are empowered, if not also required, to make appropriate corrections. This is the intent and purpose of 28 U.S.C. § 1653 which provides as follows:

"Amendment of pleadings to show jurisdiction.

Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

See *Moore* v. *Coats Company*, 270 F. 2d 410 (1959); *Blanchard* v. *Terry & Wright, Inc.*, 331 F. 2d 467 (1964).

Since, in other federal forums, jurisdictional allegations are embodied in complaints, and since the failure to state jurisdictional facts is not a fatal omission, but can be cured by amendment, it would seem that there is no justifiable argument for denying to plaintiffs in this court an opportunity to amend that document in which the jurisdictional statement is required.

This court will look to the facts and not to the form to determine the scope of its jurisdiction, and if it is made to appear that those jurisdictional elements specified in 28 U.S.C. § 1582, as amended, are present, it will not deny jurisdiction for failure to comply with the procedural requirements flowing from 28 U.S.C. § 2632, as amended.

Accordingly, an opportunity will be afforded plaintiff to correct the summons in the respects it has been found deficient. In particular, it must now be made to appear, by a verified statement filed within 10 days of the service of the order entered upon this motion, that all liquidated duties, exactions or charges were paid before the instant summons was filed, if that be the case. In default of such amendment and affidavit, this action will be dismissed.