(C.R.D. 72–3)

E. S. Sutton, Inc., et al. *v.* United States

(Dated February 16, 1972)

*Brooks & Brooks* (*Charles P. Deem* of counsel) for the plaintiffs.

*L. Patrick Gray, III*, Assistant Attorney General (*Bernard J. Babb*, trial attorney), for the defendant.

Landis, Judge: This is a motion by plaintiffs to suspend the protests listed on the attached schedule pending final determination of *United Merchants, Inc.* v. *United States*, Court No. 70/29939, 67 Cust. Ct. 413, C.D. 4307 (1971, appeal pending).

The following issue of fact or question of law is alleged to be the same in the pending test case and the above-mentioned protests.

"Whether the term of man-made fibers, as used in Schedule 3, TSUS, is applicable to or descriptive of textile products made from fabric and/or yarn as distinguished from fibers and/or whether textile articles constituted of a basic plastics material are classifiable as composed of plastic."

With the exception of protests 70/34229 and 70/57677, the defendant does not object to the suspension of the listed protests. As to all such cases where no objection has been made, suspension is granted.

As to protest 70/34229, the defendant alleges that the official entry papers related thereto indicate that increased duties have not been paid, and pending verification of this fact, the court should not enter an order of suspension. Defendant also requests that suspension of protest 70/57677 be denied because the official papers show that the protest was untimely filed.

As to defendant's objection against protest 70/34229, *supra*, plaintiff, avers that the increased duties may well have been paid but not noted on the official papers; that defendant has not substantiated its claim of non-payment of additional duties by affidavit of the appropriate customs official and that Rule 14.9(d) of the rules of the court raises a presumption that increased duties have been paid, a *"sine qua non"* of a properly filed summons.

An examination of the entry papers in the protest in question indicates that increased duties were found to be due upon liquidation. There is no indication on the face of such papers that increased duties have been paid. Neither is there anything on the face of the papers which establishes, as a fact, that the increased duties have not been paid. Neither party has substantiated its respective allegations by proof of facts in the record or by accompanying affidavits verifying proof of payment or non-payment of additional duties.

Plaintiff has also alleged that Rule 14.9(d) raises a presumption that increased duties have been paid. Rule 14.9(d) provides in part that "all actions in which trials have not commenced prior to October 1, 1970 * * * shall be deemed to have had summonses timely and properly filed." Rule 3.4 recites that "[a] summons in a civil action * * * shall set forth * * * a statement * * * that all liquidated duties, charges or exactions were paid". However, the payment of liquidated duties is a condition precedent necessary to invoke the court's jurisdiction. The court cannot presume that jurisdiction exists in the absence of proof that such liquidated duties have been paid in view of the controlling statute at the time of protest, section 515, Tariff Act of 1930, in order to suspend a protest over the objection that the liquidated duties have not been paid. The plaintiff's contention that Rule 14.9(d) raises a presumption that increased duties have been paid is therefore without merit.

Plaintiff shall have 90 days after date of service of the order accompanying this memorandum to submit proof that the liquidated duties have been paid. Absent such proof, upon the expiration of said 90 days, defendant may pursuant to Rule 4.7(b) of the rules of this court move to dismiss this protest predicated upon proof that the liquidated duties have not been paid.

As to defendant's objection that protest 70/57677 was untimely filed, plaintiff contends that the defendant erroneously ignored the

statement on the protest that the entry papers were not made available to the importer until a date which was less than 60 days prior to the date of protest filing and that the law is well settled that a liquidation is not complete until the entry papers are made available to the importer. This court has previously held that "[a]s a matter of substantive law, * * * the 60-day protest period does not run if the importer or his representative is diligently seeking access to the entry papers but is unable to obtain it. * * * While it is the practice to dismiss a protest on motion when the Government * * * shows only that over 60 days ran from the liquidation to the protest, it must follow that facts established in addition to these dates may and do at times show that the protest is timely." Nichols, J., in *General Petroleum Corp.* v. *United States*, 56 Cust. Ct. 249, C.D. 2632 (1966).

Although plaintiff has cited apparent authority for its position, it has not filed any supporting papers explaining the facts and circumstances surrounding the alleged delay on receiving the entry papers nor has plaintiff substantiated its efforts and diligence in obtaining them.

Plaintiff shall have 90 days after date of service of the order accompanying this memorandum to submit proof of the facts relied upon to establish that the protest was timely filed and absent such proof upon the expiration of said 90-day period, defendant may pursuant to Rule 4.7(b) of the rules of this court move to dismiss this protest as untimely.