**S. S. KRESGE CO. et al.**

v.

**UNITED STATES.**

**C.R.D. 72-8; Court Nos. 70/13254, etc.**

United States Customs Court.
April 21, 1972.

Sharretts, Paley, Carter & Blauvelt, New York City (Gail T. Cumins, New York City, of counsel), for plaintiffs.

L. Patrick Gray, III, Asst. Atty. Gen. (Bernard J. Babb, New York City, trial atty.), for defendant.

WATSON, Judge:

Plaintiffs have moved to suspend certain protests pending the final determination in United Merchants, Inc. v. United States, Court No. 70/29939, 67 Cust.Ct. ——, C.D. 4307 (1971), appeal pending, based on an allegation that they involve common issues. This allegation is not disputed by the defendant. Defendant does, however, oppose the suspension of certain of these protests either on the ground that the official papers indicate they were untimely filed, i. e. more than 60 days after liquidation, or on the ground that the official papers do not show the increased duties have been paid.

I am of the opinion that the manner in which defendant has sought to raise a jurisdictional issue is inappropriate and does not constitute sufficient grounds for denying plaintiffs' motion to suspend the affected protests.

■ The protests herein are presently at a stage in which summonses have been deemed filed pursuant to Rule 14.9(d) of the rules of this court. It would be wrong to say that this raises a presumption of jurisdiction since the burden of proving jurisdiction is always on the plaintiff.[1] It suffices to say that the court can assume there has been an allegation of jurisdiction as is required of summonses in this court.[2]

If, after such an allegation, defendant wishes to raise a doubt regarding the jurisdiction of the court and force a plaintiff to fulfill its burden of proof, it must do so in an appropriate manner.[3]

If it wishes to oppose the granting of a motion on jurisdictional grounds, it must do so in a manner consistent with the objections it is raising. *The only course consistent with the suggestion of lack of jurisdiction is one which seeks dismissal of the action.* And the only appropriate way to seek dismissal on jurisdictional grounds, is by way of motion. Thus, in effect, defendant cannot seek to raise a jurisdictional issue for any purpose less conclusive than dismissal and cannot do so in any manner less circumscribed than that required to initiate a dismissal.

■ There are various situations, of course, in which a court can properly treat an inappropriately termed legal document as if it were the correct motion called for by the occasion.[4] In my view, however, it would be an unsupportable exercise of this power were I to treat defendant's response as a cross motion to dismiss, a transformation which the form and content of the response would not bear. Furthermore, there is little reason to afford such treatment at this extremely early stage of the action when numerous appropriate measures are readily available to defendant.

■ In a similar vein, the jurisdictional objections made by defendant in its response, cannot, in this court, be treated as a "suggestion", which in other federal courts, under Rule 12(h) (3) of the Federal Rules of Civil Procedure, might conceivably require a dismissal even if not made in the ordinary modes.[5]

1. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188–189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); KVOS, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183 (1936); Gibbs v. Buck, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939).

2. See Rules of the United States Customs Court, Rule 3.4, Appendix A, Form of Summons In An Action to Contest Denial of Protest.

3. McNutt v. General Motors Acceptance Corp., *supra*; Gilbert v. David, 235 U.S. 561, 567, 35 S.Ct. 164, 59 L.Ed. 360 (1915); Deputron v. Young, 134 U.S. 241, 251, 10 S.Ct. 539, 33 L.Ed. 923 (1890); Ostow & Jacobs, Inc. v. Morgan-Jones, Inc., 189 F.Supp. 697, 698 (S.D.N.Y.1960). Cf. Briggs v. Traders' Co. et al., 4 Cir., 145 F. 254, 256–257 (1906).

4. See Collins v. Bolton, 287 F.Supp. 393 (D.C.Ill.1968). See generally, Wright & Miller, Federal Practice and Procedure: Civil § 1350 (1969).

5. See Wright & Miller, Federal Practice and Procedure: Civil § 1393 (1969). See also, 2A Moore's Federal Practice,

The rules of this court require that jurisdictional objections be raised either in the answer or by way of motion.[6] I read the rule permitting motions to raise jurisdictional issues as providing the only method for raising those issues other than by denial in the answer.

In any event, those courts which entertain "suggestions" of lack of jurisdiction, generally do so at a stage of the litigation at which the relevant jurisdictional facts have already been fully set out and heard by the court.[7] Here, on the other hand, we are working in the earliest possible stage of the litigation, at a time when only the most rudimentary allegations have been made.[8] It would be unfair at this stage to entertain suggestions which did not give the court the benefit of the most complete and informative opposing presentations possible.

It is a measure of the inappropriateness of defendant's method that in one sense it puts the court to the work of studying the entry papers and weighing the significance of notations (or the absence of notations) at a time when their status as evidence is not yet fixed[9] and when important considerations not apparent on their face may exist.[10]

If the court, in the conscientious exercise of its judicial duties is led to contemplate dismissal, the party prompting such scrutiny should certainly have taken a position advocating that result. There is no question that a court must jealously guard its jurisdiction and may dismiss an action *sua sponte*[11] but it should not do so where it is pressed to exercise its guardianship based on potentially incomplete and tenuous information.

In such a case it should refrain from entertaining a jurisdictional dispute in any context until such time as the issue of jurisdiction is placed before it in a complete and appropriate manner. If the court's consideration of jurisdiction is to be postponed on the ground that a genuine jurisdictional challenge has not been made, it should be done by the simple expedient of giving no weight to the defective challenge and thus require defendant to raise such a challenge in an appropriate manner. The postponement of consideration of jurisdiction in this instance should not be at the expense of plaintiffs' pending motion to suspend. Thus, a disposition which required a plaintiff to return in a certain time with proof of its jurisdictional allegations, gives defendant's response the effect of a motion to dismiss, a result directly at

§ 12.23 (1968). Cf. Briggs v. Traders' Co. et al., 4 Cir., 145 F. 254, 256–257 (1906).

6. Rule 4.6 and Rule 4.7(b).

7. Williams v. United States, 42 F.R.D. 609, 612 (S.D.N.Y.1967); Mertens v. Flying Tiger Line, Inc., 35 F.R.D. 196, 197 (S.D.N.Y.1963); United Automatic Rifles Corporation v. Johnson, et al., 41 F.Supp. 86, 88 (D.C.Mass.1941).

8. See Pharmacia Laboratories, Inc. v. United States, 67 Cust.Ct. ——, C.D. 4275, 67 Cust.Ct. ——, C.R.D. 71–5 (1971).

9. See, A. Zerkowitz & Co., Inc. v. United States, 48 Cust.Ct. 437, Abst.No. 66724 (1962). The potent dissent in that case should give pause to one desiring to rely on the entry documents before they have been formally received in evidence.

10. See, e. g. General Petroleum Corp. v. United States, 56 Cust.Ct. 249, C.D. 2632 (1966), holding that the 60 day protest period does not run if access to the entry papers is not obtained by the importer diligently seeking them. In addition, I would not be satisfied that the absence of a notation on the entry papers that increased duties have been paid is proof of nonpayment until I am certain that payment is always recorded in this manner.

11. Mansfield, Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884); McNutt v. General Motors Acceptance Corp., *supra*; Shahmoon Industries, Inc. v. Imperato, 338 F.2d 449, 450–451 (3rd Cir. 1964).

odds with the considerations I have set out above.[12]

In sum, a plaintiff should not have to prove its jurisdictional allegations until such time as they are properly challenged by motion or in the answer. The court should not undertake its own researches, especially at the informationally barren summons stage, unless it is receiving the full range of information which the motion process is designed to provide. Any less circumscribed method of raising the jurisdictional issue is justified, if at all, only when the court has sufficient information regarding the jurisdictional facts to reach a full, fair and conclusive decision on the question of jurisdiction from the record before it.

Since defendant has not made a jurisdictional challenge in the only manner which is correct at this stage of litigation, its references to jurisdictional defects in its response to plaintiffs' motion to suspend, are without effect. There being no other objections to the suspension of these protests, it is

Ordered that plaintiffs' motion to suspend the cases on the schedule pending final determination of United Merchants, Inc. v. United States, Court No. 70/29939, *supra*, is granted.

12. For this reason I do not adopt the approach taken in E. F. Sutton, Inc., et al. v. United States, 68 Cust.Ct. ——, C.R.D. 72–3 (1972).