(C.D. 4367)

ASSOCIATED DRY GOODS CORP. *v.* UNITED STATES

(Dated July 25, 1972)

*Rode & Qualey* (*William E. Melahan* of counsel) for the plaintiff.
*Harlington Wood, Jr.*, Assistant Attorney General (*John A. Winters*, trial attorney), for the defendant.

WATSON, Judge: Defendant has moved to dismiss this protest pursuant to Rule 4.7(b) of the rules of this court for lack of jurisdiction arising from a failure to pay the increased duties found to be due on entry No. 582106 of this protest. Defendant has submitted an affidavit of F. G. Huml, Financial Division Director of Customs for the Region of New York, attesting to the fact that payment of the increased duties has not been made.

Plaintiff is opposing this motion primarily on grounds which relate to the adequacy of the affidavit and secondarily on grounds relating

to the timing of the motion, presumptions arising from the conduct of the regional commissioner and general considerations of fairness.

Plaintiff asserts that affidavits filed in connection with such a motion ought to be of the same form, content and quality as affidavits required in a motion for summary judgment. The latter, however, are subject to stringent standards for reasons not applicable to the motion made under the circumstances herein. A motion for summary judgment must contain sufficient proof to satisfy the burden of proof which rests on the party making the motion. There is, however, no burden of proof on defendant to prove lack of jurisdiction. The burden of proof on the subject of jurisdiction is always on the party asserting jurisdiction, normally the plaintiff.[1] Accordingly, in making a motion of this nature attacking the jurisdiction of the court, it is necessary for defendant only to raise a jurisdictional issue in an appropriate manner and not to adduce conclusive proof on this matter. In short, it is the difference between raising a significant doubt about jurisdiction and proving lack of jurisdiction. Defendant need only do the former.[2] In this respect, an affidavit of a customs official to the effect that increased duties had not been paid on the involved entry is sufficient to raise a serious doubt regarding the jurisdiction of the court, a doubt which places plaintiff in the position of having to fulfill its burden of proof on the issue of jurisdiction.

Plaintiff's additional arguments in opposition to defendant's motion are without merit. First, it is of no moment that this motion has been made prior to a complaint being filed by plaintiff. There is no requirement that such a motion must await the filing of the complaint. In fact, previous analysis has indicated the propriety of making such a motion after the filing of a summons.[3] Second, in light of plaintiff's fundamental burden of proof on the issue of jurisdiction, the act of the regional commissioner in forwarding the entry papers to the court, presumably pursuant to the terms of section 515 of the Tariff Act of 1930, which provide for such transmittal "if all duties and charges shall be paid," is a routine act without determinative significance and certainly does not create a presumption that jurisdiction exists. Third and finally, the burdens of research and investigation to which plaintiff may be put by motions of this nature, although they may at times be onerous, are required if plaintiff is to fulfill its primary burden of proof on the issue of jurisdiction. Once jurisdiction has been legitimately challenged, plaintiff must take up the challenge and respond with convincing proof.

[1] *McNutt* v. *General Motors Acceptance Corp.,* 298 U.S. 178, 188–89 (1936) ; *KVOS, Inc.* v. *Associated Press,* 299 U.S. 269, 278 (1936) ; *Gibbs* v. *Buck,* 307 U.S. 66, 72 (1939).

[2] See generally, *S. S. Kresge Co. et al.* v. *United States,* 68 Cust. Ct. 367, C.R.D. 72–8, 340 F. Supp. 1404 (1972).

[3] See, *E. S. Novelty Co.* v. *United States,* 68 Cust. Ct. 374, C.R.D. 72–10 (1972).

For the reasons set out above, and since plaintiff has not come forward with any proof that the duties in question were paid, it is hereby
ORDERED, ADJUDGED AND DECREED, that this protest be, and the same hereby is, dismissed.