(Reap. Dec. 10671)

OMEGA IMPORT CO. *v.* UNITED STATES

Entry Nos. 4338; 4342.

(Decided January 23, 1964)

John D. Rode for the plaintiff.

John W. Douglas, Assistant Attorney General (Samuel D. Spector, trial attorney), for the defendant.

FORD, Judge: The above appeals to reappraisement attack the action of the appraiser in ascertaining the appraised value by treating certain blank starter revolvers and rifled barrels as an entirety.

Appeal R62/1113 covers the importation of 10 cases of blank starter revolvers, which were exported from Western Germany on or about March 1, 1961, on the S.S. Havtroll and entered on March 16, 1961, at the invoiced value of $3.54 for the blued items and $4.05 for the chromed items.

The steel rifled barrels were covered by appeal R62/1114, which consisted of 2 cases, and were exported from Western Germany on or about February 24, 1961, on the S.S. Bodenstein. This merchandise was also entered for duty on March 16, 1961, at the invoiced value of 96 cents for the blued items and $1.05 for the chromed items.

These cases were submitted on a stipulation of fact entered into by and between counsel for the respective parties, which provides as follows:

1. That the merchandise covered by reappraisement R62/1113-1418, entry number 4338 consists of 10 cases of blank starter revolvers which were exported from Western Germany on or about March 1, 1961 on the S.S. Havtroll and which were entered for duty on March 16, 1961 as machines not specially provided for, under Paragraph 372, Tariff Act of 1930 as modified at the rate of 11½% ad valorem.

2. That the merchandise covered by reappraisement R62/1114-1419, entry number 4342 consists of 2 cases of steel rifled barrels which were exported from Western Germany on or about February 24, 1961 on the S.S. Bodenstein and which were entered for duty on March 16, 1961 as parts of pistols and revolvers under Paragraph 366 of the same Act as modified, at the rate of 52½% ad valorem.

3. That since the rifled barrels and the blank revolvers had the same serial numbers and were entered on the same day, they were regarded as entireties, classifiable under Paragraph 366, and appraised at $4.25 for the blued revolvers with rifled barrels, and at $4.85 for the chromed revolvers with rifled barrels.

4. That the blocked barrels were separately appraised at 25¢ each as parts of machines under Paragraph 372 at 11½%.

5. That if the Court should find that the rifled barrels and the blank revolvers are properly subject to appraisement as entireties, then the appraised values on both appeals herein are correct.

6. That if the Court should find that the rifled barrels and the blank revolvers are properly subject to appraisement as separate articles, then the entered value in both appeals are correct.

7. That all of the official papers may be received in evidence without marking for the consideration of the Court.

8. That the appeals herein may be deemed submitted on the foregoing stipulation and the plaintiff be granted 30 days from the date of approval of this stipulation for the filing of a brief, and the defendant be granted 30 days after the filing of plaintiff's brief, for filing a brief in reply.

Based upon paragraphs 3 and 4 of the above stipulation, as well as a review of the official papers received in evidence, pursuant to paragraph 7 of said stipulation, its is apparent that the appraiser, in ascertaining the value of the merchandise under consideration, mentally substituted the rifled barrels covered by R62/1114, for the blocked barrels attached to the revolvers covered by R62/1113, deducting 25 cents from the starter revolver as entered.

It is the contention of plaintiff herein that the action of the appraiser in treating these items as entireties is incorrect. The factual situation involved herein is not in dispute. The only question presented is whether merchandise, shipped from the same country on different dates via different vessels and arriving at the port of entry on the same date but entered separately, is properly subject to appraisement as an entirety.

There appears to be no dispute that the validity of an appraisement can be raised by a reappraisement procedure or by a suit brought by way of protest. *Vulcan Match Co., Inc.* v. *United States*, 5 Cust. Ct. 188, C.D. 398; *United States* v. *Gilson Bros.*, 20 CCPA 117, T.D. 45753; and *United States* v. *Porto Rico Coal Co.*, 17 CCPA 288, T.D. 43716.

The question of whether appraised merchandise is an entirety has been the subject of appeals to reappraisement in *United States* v. *Malhame & Co. et al.*, 39 CCPA 108, C.A.D. 472; *United States* v. *Malhame & Co.*, 25 CCPA 423, T.D. 49497; and *United States* v. *Malhame & Company*, 24 CCPA 448, T.D. 48911. Accordingly, this matter is properly before me as an appeal to reappraisement.

The doctrine of entireties has been the subject of much litigation in the field of customs jurisprudence. The leading case on this subject is *United States* v. *Schoverling*, 146 U.S. 76, which involved the importation of certain gunstocks for shotguns without the barrels. The barrels were separately imported but were classified as entireties with the gunstock. The Supreme Court held therein that they were not subject to duty as entireties, stating:

* * * In the present case, the dutiable classification of the gunstocks imported must be ascertained by an examination of them in the condition in which they are imported. *Worthington* v. *Robbins*, 139 U.S. 337.

In the case of *Benrus Watch Co. and Pomerance Co. (Inc.)* v. *United States*, 21 CCPA 139, T.D. 46467, the *Schoverling* case, *supra*, was cited and followed. In the *Benrus* case, *supra*, certain watch movements, with balance wheels and mainsprings removed, or movements, minus the ratchet wheels and ratchet wheel screws, imported

separately, were held not to be watch movements under the doctrine of entireties. The court then made the following observation on the doctrine of entireties:

The doctrine of entireties is a familiar one in customs laws. However, we are unaware of any case where parts of articles, even though originally assembled, which were imported at different times and on different vessels, were ever held to be entireties for tariff purposes. Examples of the cases where the doctrine has been applied are *Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T.D. 41232; *Salemi & Sons* v. *United States*, 19 C.C.P.A. (Customs) 43, T.D. 44892; *United States* v. *Irwin, et al.*, 78 Fed. 799.

In the case last cited, the court thus commented upon the administrative and legal difficulties involved in an attempt to classify as entireties parts of an article, separately imported:

When the barrels and stocks are shipped upon different vessels, it may happen that they can never be assembled together again as a complete gun. The dangers of navigation and other contingencies may intervene to prevent it. It is not for the customs officers, in imposing duties, to speculate upon these contingencies. They must take the articles as they find them to be upon examination. If they can not, by assembling them together, discover that they are really a different thing, it is their duty to classify them as the article they purport to be.

The goods could not, therefore, be properly classified as watch movements, under the entireties doctrine.

The basic proposition of law that merchandise is dutiable in the condition in which it is imported, *Worthington* v. *Robbins, supra*, and that each invoice and entry constitutes a separate importation and must be appraised and classified without reference to any other invoice or entry, *Sampson* v. *Peaslee*, 61 U.S. 571, together with the principle that the importer has the right to fashion his importations in such a manner as to bring them in at the lowest rate, must be taken into consideration.

The merchandise covered by appeal R62/1113, in its condition as imported, consisted of completed blank revolvers which were exported on or about March 1, 1961, on the S.S. Havtroll. The rifled barrels covered by appeal R62/1114, although containing the same serial numbers as the blank revolvers were exported on or about February 24, 1961, on the S.S. Bodenstein. Even if after importation the rifled barrels were intended to be substituted for the blocked barrels, this alone, upon the facts herein, would not make them entireties since the intent of the importer is not the determining factor. *United States* v. *Irwin, supra*.

The principle that each entry constitutes a separate importation, in conjunction with the fact that the blank revolvers were completed articles, tends to bring the factual situation outside of the entirety principle. In support of the foregoing and based upon the proposition that merchandise is dutiable in the condition as imported, the court, in *Gallagher & Ascher* v. *United States*, 42 Treas. Dec. 297, T.D.

39367, had before it certain lampshades and stands which were invoiced as entireties but, through some contingency, became separated from each other and arrived and were separately entered on different dates at the port of entry. The court therein held the lampshades and stands not to be entireties.

The exportation on different dates by means of different vessels under the rationale of the main cases involving entireties would, on its face, subject the merchandise to appraisement separately. However, in the instant case, the two entries were made on the same date, March 16, 1961, although separately entered. There appear to be no cases involving this identical situation.

Particularly in reappraisement cases the question of entireties must be carefully scrutinized. The value of merchandise entered, by law, is based upon the value on or about the date of exportation. In the instant case, what is the date of exportation, if the action of the appraiser is correct, February 24, 1961, or March 1, 1961? This is not particularly involved herein since the parties have agreed upon the value in the alternative. Therefore, in reappraisement cases, it is the date of exportation, rather than the date of importation or entry, that must be given first consideration.

In view of the foregoing, I am of the opinion that the involved merchandise is not subject to appraisement as an entirety.

I, therefore, find as matter of fact:

1. That the merchandise, covered by appeal R62/1113, consisted of blank revolvers, exported from Western Germany on March 1, 1961, on the S. S. Havtroll.

2. That the merchandise, covered by appeal R62/1114, consisted of steel rifled barrels, exported from Western Germany on February 24, 1961, on the S.S. Bodenstein.

3. That the merchandise, covered by both appeals, was separately entered for duty on March 16, 1961.

Accordingly, I hold as matter of law:

1. That the rifled barrels and blank revolvers are not subject to appraisement as entireties.

2. That the entered values of the merchandise, covered by these appeals, pursuant to paragraph 6 of the stipulation, are the correct statutory values.

Judgment will be entered accordingly.