(C.R.D. 72–7)

NOVELTY IMPORTS, INC. v. UNITED STATES

(Dated April 6, 1972)

*Serko & Sklaroff* (*Murray Sklaroff* and *Joel K. Simon* of counsel) for the plaintiff.

*L. Patrick Gray, III,* Assistant Attorney General (*John A. Gussow,* trial attorney), for the defendant.

*John S. Rode,* amicus curiae.

RAO, Judge: The motion presently before the court has been made by defendant for an order

(1) quashing the summons and dismissing the entire civil action pursuant to an order dated October 22, 1971 (referred to as the decree nisi) or

(2) vacating the decree nisi, dated October 22, 1971, and an order, also dated October 22, 1971, which dismissed the civil action as to entries numbered 1110266 and 751722, and dismissing the entire civil action, or, should both motions be denied

(3) permitting an interlocutory appeal to the Court of Customs and Patent Appeals pursuant to Rule 13.2 of the rules of this court.

The summons herein was filed on May 26, 1971 to commence a civil action to contest the denial of multiple protests covering entries of man-made fibers.

Said summons was not in proper form and on October 22, 1971, an order or decree nisi was entered quashing the summons and dismiss-

ing the action unless within 15 days plaintiff filed an amended summons in full compliance with the rules and a verified statement that all liquidated duties, charges or exactions were paid prior to the time the original summons was filed, giving the date and place of such payment.

At the same time an order was entered dismissing the civil action as to entries 1110266 and 751722 included in protests 1001–1–002627 and 25273/70, in view of the fact that liquidated duties had not been paid as to those entries.

Within the time limit plaintiff filed an amended summons in conformity with the rules, but included said entries 1110266 and 751722. It also filed a verified statement that all liquidated duties, charges or exactions were paid prior to the time of filing the summons at the appropriate customs facilities at the port of New York. No dates were given.

Thereafter, the instant motion was made. A number of subsidiary motions have been disposed of and need not be considered further. While defendant claims that there has been a failure of compliance with the decree nisi of October 22, 1971, and an order of February 1, 1972, I find that plaintiff has substantially met the conditions stated. The inclusion of entries 1110266 and 751722 in the amended summons was evidently an inadvertence. They are deemed stricken therefrom.

The issue remaining, which is one of first instance, is whether under 28 U.S.C. 1582, as amended by the Customs Courts Act of 1970, this court may entertain jurisdiction of a civil action combining a number of denied protests covering several entries when liquidated duties have not been paid as to some of the entries.

The Customs Courts Act of 1970 amended section 1582 of title 28 of the United States Code to read, so far as here pertinent:

> (a) The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer, * * *
>
> \* \* \* \* \* \* \*
>
> (c) The Customs Court shall not have jurisdiction of an action unless (1) * * * a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended, and denied in accordance with the provisions of section 515 of the Tariff Act of 1930, as amended, * * * and (2) * * * all liquidated duties, charges, or exactions have been paid at the time the action is filed.
>
> (d) Only one civil action may be brought in the Customs Court to contest the denial of a single protest. However, any number of entries of merchandise involving common issues may be included in a single civil action. Actions may be consolidated by order of the court or by request of the parties, with approval of the court, if there are common issues.

Said Act also amended section 2632 of title 28, U.S.C., to provide, so far as here pertinent:

(a) A party may contest denial of a protest under section 515 of the Tariff Act of 1930, as amended * * * by bringing a civil action in the Customs Court. A civil action shall be commenced by filing a summons in the form, manner, and style and with the content prescribed in rules adopted by the court.

(b) There shall be a filing fee payable upon commencing an action. * * *

(c) The Customs Court shall provide by rule * * * for consolidations, severances, and suspensions of cases, * * *.

 * * * * * * *

(f) Upon service of the summons on the Secretary of the Treasury or his designee, the appropriate customs officer shall forthwith transmit the following items, if they exist, to the United States Customs Court as part of the official record of the civil action: (1) consumption or other entry; (2) commercial invoice; (3) special Customs invoice; (4) copy of protest; (5) copy of denial of protest in whole or in part; * * * and (9) the summary sheet. * * *

Section 514(b) (1) of the Tariff Act of 1930, as amended, states, in part:

(1) * * * Only one protest may be filed for each entry of merchandise, except that where the entry covers merchandise of different categories, a separate protest may be filed for each category. * * *

Plaintiff claims that each protest involves a separate customs transaction and that the condition precedent in section 1582(c) (2) relates severally to each transaction; that the statute requires only that "the action sought to be maintained must be one in which *a* protest has been filed against *a particular* Customs transaction *and* all duties have been paid on the entry covering *that particular transaction.*" In other words, it is claimed that each denied protest constitutes a separate cause of action and that any in which the condition precedent has not been met may be excised and dismissed, without affecting the balance.

It is the Government's position that the civil action provided for by the statute is unitary and that the payment of liquidated duties as to all the entries covered is a condition precedent to the court's jurisdiction over the entire action. It claims that since the condition precedent has not been met here in its entirety, the action should have been dismissed *in toto.*

Defendant relies on *Pharmacia Laboratories, Inc.* v. *United States,* 67 Cust. Ct. 206, C.D. 4275, 67 Cust. Ct. 609, C.R.D. 71-5 (1971), in which the court stated:

By statute (28 U.S.C. § 1582, as amended) the fact that all liquidated duties, charges or exactions have been paid at the time

an action is filed in this court is a jurisdictional condition precedent to instituting such action. If payment of duties has not been made, the court lacks jurisdiction to entertain the action. From this requirement there can be no departure. \* \* \*

That case, however, did not involve multiple protests and the court did not consider the affect of section 1582(d), *supra*.

The provisions of the statute, except section 1582(d), are in the singular and contemplate one entry, one protest, and one civil action. The liquidated duties, charges and exactions referred to are necessarily those attributable to the entry involved. Subsection 1582(d), however, while providing that only one civil action may be brought to contest the denial of a single protest, permits the inclusion of any number of entries involving common issues in a single civil action. It appears from the legislative history that the reason for this provision was the fact that under the Customs Courts Act of 1970 (28 U.S.C. 2632(b), as amended), a filing fee was to be required upon commencing a civil action. Since no filing fee had heretofore been imposed, except for a fee of $1.00 payable to the collector under the Tariff Act of 1913, considerable objection was made on behalf of importers. The Report of the Committee on the Judiciary of the House of Representatives (Report No. 91–1067, 91st Congress, 2d Session) states (p. 18):

> Consideration has been given to the importer who is repeatedly importing the same article of merchandise and is contesting each denial of his protest with respect to this article. Under section 110 of the bill, amending section 1582(d), a special provision has been included to permit the importer to consolidate all his protests that raise a common issue and that have been denied within the preceding 180 days into a single cause of action and thus pay a single fee.

While the language of both the statute and the report is somewhat ambiguous, I am of the view that Congress intended to treat each denied protest as a separate entity or cause of action. Importers are given the right to bring a separate civil action as to each denied protest. The condition precedent then relates only to the payment of duties on the entry involved in the particular action. Failure to comply would render that action, and no other, subject to dismissal. Section 1582(d) merely permits a joinder; it does not require it.

A joinder of actions is "the union of two or more causes of action, each of which could be made the basis of a separate suit, in the same complaint, declaration or petition." 1 Am. Jur. 2d, Actions § 100. As I read section 1582(d), it contemplates a joinder of causes of action, each of which might be brought separately as to a particular denied protest. The condition precedent relates severally to each cause of action. The joinder permits the importer to pay only one filing fee.

Other advantages which might accrue, such as the disposition of a number of matters at one trial, are also obtainable otherwise, by motion to consolidate. The statute (28 U.S.C. 2632(c), as amended), as well as the rules of this court (Rule 10.3(c)), provide that civil actions may be severed as well as joined or consolidated. That is a further indication that Congress meant that the condition precedent attach to each cause of action rather than inseparably to the whole. In my view, neither the language of the statute nor the legislative history indicates that Congress intended that a joinder of a number of denied protests in a single summons would imperil the entire action if liquidated duties had not been paid as to any one entry. I conclude that joinder under section 1582(d) does not merge the causes of action so that all duties as to all entries must be paid as a condition precedent to the court's jurisdiction over the entire civil action.

Under prior statutes it has been held that each invoice and entry is to be deemed and treated as a separate transaction for the appraisement of merchandise and the assessment of duties. *Sampson* v. *Peaslee*, 61 U.S. 571 (1858); *Omega Import Co.* v. *United States*, 52 Cust. Ct. 425, Reap. Dec. 10671 (1964), rehearing den. 52 Cust. Ct. 472, Reap. Dec. 10695 (1964). It has been the practice of this court, under former section 515 of the Tariff Act of 1930, to dismiss protests only with respect to those entries as to which duties had not been paid. That section provided:

> * * * If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. * * *

No different result is required by 28 U.S.C. 1582(c) and section 514 of the Tariff Act of 1930, as amended, which are drawn in the language of one protest, one entry, and one action, and liquidated duties due on that one entry.

While convinced of the soundness of my position, I recognize that there is substantial ground for difference of opinion. Defendant argues that section 1582(c) is an explicit limitation of the jurisdiction of the court; that it created an absolute ground for dismissal of *an* action when *all* duties have not been paid at the time of filing the action, and that to allow severance of entries wherein duties had not been paid, while proceeding on the balance, would be a substantial departure from the explicit meaning of the statute.

I note that the substantive issue herein is the same as that involved in *United Merchants, Inc.* v. *United States*, 67 Cust. Ct. 413, C.D. 4307 (1971), wherein an appeal is pending. It further appears that the Government intends to raise the jurisdictional issue involved here in all actions with multiple protests where duties have not been paid as to all entries. Thus, there is a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal to the Court of Customs and Patent Appeals may not only materially advance the termination of this litigation but will settle an issue which may be raised in other civil actions.

Defendant's motion is denied insofar as it seeks quashing of the summons and dismissal of the entire civil action herein, but is granted as to the request that a statement be included in the order which will permit an interlocutory appeal under 28 U.S.C. 1541(b), as amended, and Rule 13.2 of the rules of this court.