E. S. NOVELTY CO.

v.

UNITED STATES.

C.R.D. 72–10; Civ. A. 71–8–00923.

United States Customs Court.
June 2, 1972.

Serko & Sklaroff, New York City (Murray Sklaroff, New York City, of counsel), for plaintiff.

Harlington Wood, Jr., Acting Asst. Atty. Gen. (John A. Gussow, New York City, trial attorney), for defendant.

WATSON, Judge:

This civil action contests the denial of five protests. Defendant has moved to dismiss the action on the ground that a jurisdictional prerequisite has not been satisfied, namely, plaintiff has failed to pay the increased duty on entry No.

342322 covered by protest 1001–1–013776. An affidavit to this effect, by the acting assistant chief counsel for Customs Court litigation has been filed with defendant's motion and plaintiff has, in effect, admitted its failure to pay. Plaintiff, however, requests that the protest containing the defective entry be severed and dismissed and the action permitted to proceed.

In support of its argument for complete dismissal of the action, defendant cites 28 U.S.C. § 1582(c), as amended by the Customs Courts Act of 1970, 84 Stat. 278, which reads as follows:

> (c) The Customs Court shall not have jurisdiction of an action unless (1) * * * a protest has been filed * * * and (2) * * * all liquidated duties, charges or exactions have been paid at the time the action is filed.

This problem has been more troublesome than the length of this memorandum may indicate. After considerable reflection, I have decided that it is proper to dismiss only the portion of the civil action constituting the claim which contains the jurisdictional defect. I reach this conclusion primarily because I detect in this statute behind all procedures and forms, an underlying intent to allow the tariff treatment of each entry of merchandise or even each category of merchandise to give rise to a distinct legal claim. It happens that considerations of convenience and economy permit the combination of legal claims at various levels, such as the existence of numerous categories of merchandise (found in one entry) in one protest[1] or the joining of numerous entries in one protest[2] or the joining of numerous protests in one civil action.[3] Nevertheless, the tariff treatment of the single entry

or the single category of merchandise remains for me the most fundamental and indivisible circumstances which can give rise to legal claims. It is inconceivable that a separate and genuine legal claim can be destroyed by deficiencies in other claims with which it has become associated. It would be unjust if the mode in which an otherwise unimpaired claim reaches the court becomes a determinative factor. It would be intolerable if a statute whose fundamental purpose is to provide for administrative and judicial review was interpreted in a way which limited such review on artificial and technical grounds. So long as a valid protest has been filed and the duties paid on a given entry or category of merchandise, the plaintiff is entitled to judicial review of the tariff treatment of that entry or category.[4]

For the purposes of this motion, it is only necessary to speak of the severability of protests since each protest herein contains only one entry. This does not mean, however, that I consider the protest as the irreducible unit which may be severed by the court. Upon closer examination it will be seen that the protest, at times, is only a form in which numerous distinct claims may be embodied. In itself it may lack a certain and homogeneous content. It may contain disputes regarding entirely different articles which happen to have been imported in one entry and it would not be untoward to suggest that it is within the power of this court to penetrate beyond the protest into the entry and still further into the individual category of merchandise if circumstances so require. Any lesser power would prevent this court from disposing of the actions before it in the most expeditious and just manner possible and subvert the judicial

---

1. Section 514(b) (1) of the Tariff Act of 1930, as amended by the Customs Courts Act of 1970 (19 U.S.C. § 1514(b) (1)).

2. Section 514, *supra*.

3. 28 U.S.C. § 1582(d), as amended by the Customs Courts Act of 1970, 84 Stat. 278.

4. See, Novelty Imports, Inc. v. United States, 68 Cust.Ct., C.R.D. 72–7 (1972), petition for appeal pending; cf. Sampson v. Peaslee, 61 U.S. (How.) 571, 15 L.Ed. 1022 (1858).

review which is at the heart of this legislation.

I read 28 U.S.C. § 1582(c) as speaking fundamentally to the action which contains one protest, one entry and one category of merchandise. Quite naturally, if the duties on that entry have not been paid, the court does not have jurisdiction. The later privilege of joining entries (insofar as they are embodied in protests) into one action as provided in 28 U.S.C. § 1582(d), was intended solely to benefit the plaintiff and lighten the burden of litigating the tariff treatment of numerous entries involving the same questions of fact or law. It was not intended to submerge their identities and combine them into an indivisible and homogeneous entity which must thereafter be treated as a single unit. The correct parallel is between the joinder of claims relating to individual entries or categories of merchandise and the joinder of claims in other courts. As is the case elsewhere, what the plaintiff has joined the court may rend asunder.

I find further support for the severance powers of the court in the statement of the House Committee on the Judiciary submitted to accompany the Customs Courts Act of 1970 (H.Rep.No.91–1067). At page 11, the Committee notes as follows:

> There will be a single judicial proceeding in which all issues, including both appraisement and classification, will be considered. The importer will be able to include in one cause of action all entries of merchandise presenting common issues. The Court will have authority to order actions consolidated or severed, as circumstances warrant.

This statement which also appears in the report of the Senate Committee on the Judiciary (S.Rep.No.91–576) supports the view that it is within the power of this court to sever those elements of the "civil action" which circumstances warrant and which justice demands.[5]

For the above reasons I believe the appropriate measure to take in this instance is to sever the protest which is jurisdictionally defective and, treating it as one claim of the civil action, dismiss it.

Accordingly, it is hereby

Ordered, that the claim represented by protest 1001–1–013776 be, and the same hereby is, dismissed. And it is further

Ordered, that defendant's motion to dismiss the entire action herein be and the same hereby is denied.