60 CCPA

The UNITED STATES, Appellant,

v.

NOVELTY IMPORTS, INC., Appellee.

Customs Appeal No. 5505.

United States Court of Customs and Patent Appeals.

May 3, 1973.

Harlington Wood, Jr., Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, John A. Gussow, New York City, for the United States.

Serko & Sklaroff, New York City, attorneys of record, for appellee; Murray Sklaroff, New York City, of counsel.

John S. Rode, New York City, of counsel, amicus curiae.

Before MARKEY, Chief Judge, RICH, BALDWIN, and LANE, Judges, and ALMOND, Senior Judge.

RICH, Judge.

This is an interlocutory appeal under 28 U.S.C. § 1541(b), as amended, and Rule 13.2 of the Customs Court, from an order of the United States Customs Court in Novelty Imports, Inc. v. United States, 68 Cust.Ct. 362, C.R.D. 72–7, 341 F.Supp. 1228 (1972), denying appellant's motion to vacate a decree nisi and an order which had dismissed the civil action with respect to only two of the several entries contained therein upon a motion of appellant to dismiss the entire civil action.[1] We affirm.

### The Facts

■ The facts pertinent to this appeal are not in dispute. Several denied protests of appellee were included in a consolidated "single civil action" pursuant to 28 U.S.C. § 1582(d).[2] With respect to two of the entries, No. 1110266 and 751722, liquidated duties had not been paid at the time of filing the summons, as required by 28 U.S.C. § 1582(c).[3] Appellant moved to dismiss *the action* pursuant to this provision. In an order dated October 22, 1971, Judge Rao, characterizing appellant's motion as a "motion to dismiss the civil action as to entries 1110266 and 751722," dismissed it only with respect to the two entries as to which liquidated duties had not been paid. Appellant sought rehearing of this order requesting, inter alia, an interlocutory order permitting application to this court for review of the denial of appellant's motion to dismiss the entire civil action.

The Customs Court, per Judge Rao, denied appellant's motion to dismiss the entire civil action, but granted appellant's request and included a statement in the order permitting this interlocutory appeal.

### OPINION

Judge Rao, in the memorandum accompanying the order of the Customs Court, correctly framed and decided the issue as being, "whether under 28 U.S.C. § 1582, as amended by the Customs Courts Act of 1970, this court may entertain jurisdiction of a civil action combining a number of denied protests covering several entries when liquidated duties have not been paid as to some of the entries." The memorandum reproduces

---

1. The Customs Court's denial, in the same order, of an alternative motion to quash the summons and dismiss the civil action pursuant to the decree nisi, is, according to appellant, not the subject of this appeal.

2. § 1582. Jurisdiction of the Customs Court

    \*     \*     \*     \*     \*

    (d) Only one civil action may be brought in the Customs Court to contest the denial of a single protest. However, any number of entries of merchandise involving common issues may be included in a single civil action. Actions may be consolidated by order of the court or by request of the parties, with approval of the court, if there are common issues.

3. § 1582. Jurisdiction of the Customs Court

    \*     \*     \*     \*     \*

    (c) *The Customs Court shall not have jurisdiction of an action unless* (1) either a protest has been filed, as prescribed by section 514 of the Tariff Act of 1930, as amended, and denied in accordance with the provisions of section 515 of the Tariff Act of 1930, as amended, or if the action relates to a decision under section 516 of the Tariff Act of 1930, as amended, all remedies prescribed therein have been exhausted, *and* (2) except in the case of an action relating to a decision under section 516 of the Tariff Act of 1930, as amended, *all liquidated duties, charges or exactions have been paid at the time the action is filed.* [Emphasis added.]

and reviews in detail the language of the statute and its legislative history and reaches the conclusion that neither the language of the statute nor the legislative history indicates that Congress intended to change the prior law [4] such that "a joinder of a number of denied protests in a single summons would imperil the entire action if liquidated duties had not been paid as to any one entry." The Customs Court thus held that "joinder under section 1582(d) does not merge the causes of action so that all duties as to all entries must be paid as a condition precedent to the court's jurisdiction over the entire civil action."

We fully agree with the reasoning and conclusion of Judge Rao's well reasoned memorandum, and adopt them as our own. The appellant's argument here is essentially the same [5] made before the Customs Court, and we find it to be fully answered. Apropos also, we think, is the reasoning of Judge Watson in denying a motion to dismiss a consolidated action under the same set of facts in E. S. Novelty Co. v. United States, 68 Cust.Ct. 374, C.R.D. 72–10 (1972), as well as the following observations which he made:

> This problem has been more troublesome than the length of this memorandum may indicate. After considerable reflection, I have decided that it is proper to dismiss only the portion of the civil action constituting the claim which contains the jurisdictional defect. I reach this conclusion primarily because I detect in this statute behind all procedures and forms, an underlying intent to allow the tariff treatment of each entry of merchandise or even each category of merchandise to give rise to a distinct legal claim. It happens that considerations of convenience and economy permit the combination of legal claims at various levels, such as the existence of numerous categories of merchandise (found in one entry) in one protest or the joining of numerous entries in one protest or the joining of numerous protests in one civil action. Nevertheless, the tariff treatment of the single entry or the single category of merchandise remains for me the most fundamental and indivisible circumstances which can give rise to legal claims. It is inconceivable that a separate and genuine legal claim can be destroyed by deficiencies in other claims with which it has become associated. It would be unjust if the mode in which an otherwise unimpaired claim reaches the court becomes a determinative factor. It would be intolerable if a statute whose fundamental purpose is to provide for administrative and judicial review was interpreted in a way which limited such review on artificial and technical grounds. So long as a valid protest has been filed and the duties paid on a given entry or category of merchandise, the plaintiff is entitled to judicial review of the tariff treatment of that entry or category. [Footnotes omitted.]

■ All we would add is the observation that—to borrow a phrase from

4. The Customs Court noted:
   Under prior statutes it has been held that each invoice and entry is to be deemed and treated as a separate transaction for the appraisement of merchandise and the assessment of duties. Sampson v. Peaslee, 61 U.S. 571, 20 How. 571, 15 L.Ed. 1022 (1858); Omega Import Co. v. United States, 52 Cust.Ct. 425, Reap.Dec. 10671 (1964), rehearing den. 52 Cust.Ct. 472, Reap. Dec. 10695 (1964). It has been the practice of this court, under former section 515 of the Tariff Act of 1930, to dismiss protests only with respect to those entries as to which duties had not been paid.

5. " * * * that section 1582(c) is an explicit limitation of the jurisdiction of the court; that it created an absolute ground for dismissal of *an* action when *all* duties have not been paid at the time of filing the action, and that to allow severance of entries wherein duties had not been paid, while proceeding on the balance, would be a substantial departure from the explicit meaning of the statute.

Solicitor General Griswold—statutes should not be given a "wooden and even perverse construction."

The order of the Customs Court is affirmed.

Affirmed.