**BORDER BROKERAGE CO., INC.**

v.

**UNITED STATES.**

C. D. 4508;  Court No. 73–10–02969.

United States Customs Court.
March 29, 1974.

Glad, Tuttle & White, San Francisco,
Cal. (John McDougall, San Francisco,
Cal., of counsel), for plaintiff.

**1390**

Irving Jaffe, Acting Asst. Atty. Gen. (Andrew P. Vance, New York City, trial atty.), for defendant.

MALETZ, Judge:

In this case plaintiff seeks an order from the court (1) that a timely summons be deemed filed with respect to six entries covered by protest no. 30043–000013; and (2) that these entries be deemed included in the present civil action which was commenced to contest denial of the foregoing protest.

The background is this. On January 30, 1973, plaintiff filed a timely protest (no. 30043–000013) covering 13 entries that were made during the latter part of 1972. The protest was denied on May 3, 1973. On October 29, 1973, plaintiff filed a summons in this court contesting the denial of the protest. However, the summons covered only seven of the entries involved in the protest, while the remaining six entries involved in the protest were not included in the summons. According to plaintiff, the failure to include these entries in the summons was due to inadvertence and clerical error. Such clerical error, plaintiff urges, should be excused, and a timely summons be deemed filed by incorporating therein the six entries previously omitted.

Relevant to the present controversy is 28 U.S.C. § 2631(a)(1) which provides in part that an action over which this court has jurisdiction is barred unless commenced within 180 days after the date of mailing of notice of denial, in whole or in part, of a protest.[1] Also relevant is 28 U.S.C. § 2632(a) which provides that such an action to contest denial of a protest "shall be commenced by filing a summons in the form, manner, and style and with the content prescribed in rules adopted by the court."

As previously mentioned, the protest in this case was denied on May 3, 1973 and the summons, which covered seven of the entries contained in the protest, was filed on October 29, 1973—one day before the expiration of the 180-day period within which plaintiff was entitled to commence a civil action to contest denial of the protest. The pending motion, on the other hand, was filed on November 19, 1973—200 days following denial of the protest. In this circumstance, defendant argues that since the present motion was filed after the expiration of the 180-day limitation period, the court lacks jurisdiction to take cognizance of the six entries that were not originally scheduled in the summons. Plaintiff contends to the contrary that the filing of a protest creates a "unitary cause of action" which embraces all entries included therein. Thus, in plaintiff's view, the mere identification of the protest number on the face of the summons serves, without more, to bring all protested entries within the scope of the resulting civil action commenced to contest denial of the protest. For the reasons that follow, I hold that the present motion is time-barred and that the court therefore lacks jurisdiction to take cognizance of the six entries that were not originally included in the summons.

At the outset, it is to be observed that under the Customs Courts Act of 1970, 84 Stat. 274, a protest *per se* is not a cause of action at all. Instead, by virtue of 28 U.S.C. § 2632(a), the denial of a protest, in whole or in part, creates a right of action. Moreover, the grouping of entries within a single protest is a matter of convenience to the importer. Indeed, Congress could have required a separate protest to be filed with regard to the liquidation of each separate entry, but chose not to do so. Thus, the protest is merely an administrative vehicle in which, as indicated below, multiple yet distinct claims may be embodied.

Pertinent on this latter aspect is E. S. Novelty Co. v. United States, 68 Cust. Ct. 374, C.R.D. 72–10, 343 F.Supp. 1364 (1972) in which a civil action was filed

---

[1]. All references here and hereafter to the United States Code (U.S.C.) are to the 1970 edition.

to contest the denial of five protests. Defendant moved to dismiss the entire action on the ground that a jurisdictional prerequisite had not been satisfied in that plaintiff had failed to pay the increased duty on the single entry covered by one of the protests. The court denied defendant's motion to dismiss the entire action but instead severed and dismissed only the protest which was jurisdictionally defective. In referring to 28 U.S.C. § 1582(c),[2] the court made the following comments that are particularly in point here (68 Cust.Ct. at 375, 343 F.Supp. at 1365):

> * * * *I detect in this statute* behind all procedures and forms, *an underlying intent to allow the tariff treatment of each entry of merchandise or even each category of merchandise to give rise to a distinct legal claim.* It happens that considerations of convenience and economy permit the combination of legal claims at various levels, such as the existence of numerous categories of merchandise (found in one entry) in one protest [footnote omitted] or the joining of numerous entries in one protest [footnote omitted] or the joining of numerous protests in one civil action [footnote omitted]. *Nevertheless, the tariff treatment of the single entry or the single category of merchandise remains for me the most fundamental and indivisible circumstances* [sic] *which can give rise to legal claims.* [Emphasis added.][3]

Additionally, the court in E. S. Novelty stated (68 Cust.Ct. at 376, 343 F. Supp. at 1366):

> * * * *The* * * * *privilege of joining entries (insofar as they are embodied in protests)* * * * *was not intended to submerge their identities and combine them into an indivisible and homogeneous entity which must thereafter be treated as a single unit.* The correct parallel is between the joinder of claims relating to individual entries * * * and the joinder of claims in other courts. * * * [Emphasis added.]

In Novelty Imports, Inc. v. United States, 68 Cust.Ct. 362, C.R.D. 72–7, 341 F.Supp. 1228 (1972), aff'd sub nom. United States v. Novelty Imports, Inc., 60 CCPA 131, C.A.D. 1096, 476 F.2d 1385 (1973) the defendant moved to quash a summons and dismiss an entire civil action comprised of several protests covering a number of entries on the ground that liquidated duties had not been paid in regard to two entries covered by one of the protests included in the civil action. The court denied defendant's motion to dismiss the entire civil action but rather dismissed the action with regard to these two entries only. Bearing repetition is the following statement by the court (68 Cust.Ct. at 366, 341 F.Supp. at 1231–1232):

> Under prior statutes it has been held that each invoice and entry is to be deemed and treated as a separate transaction for the appraisement of merchandise and the assessment of duties. * * *
>
> *  *  *  *  *  *
>
> No different result is required by 28 U.S.C. § 1582(c) and section 514 of the Tariff Act of 1930, as amended, which are drawn in the language of one protest, one entry, and one action * * *.

In light of the foregoing, it is manifest that in order for an importer to contest judicially the liquidation of an entry of imported merchandise, not only must he initially file a protest with regard to that entry (see 19 U.S.C. § 1514) (regardless of whether he chooses to file one protest to cover multiple entries or to file one protest for each sepa-

---

2. 28 U.S.C. § 1582(c) provides in part that "The Customs Court shall not have jurisdiction of an action unless (1) * * * a protest has been filed * * * and denied * * *."

3. These comments were specifically quoted with approval by the appellate court in United States v. Novelty Imports, Inc., 60 CCPA 131, ——, C.A.D. 1096, 476 F.2d 1385, 1387 (1973).

**1392**

rate entry), but, additionally, following denial of the protest on the administrative level, he must commence a civil action with respect to such entry by the filing of a timely summons within 180 days after denial of the protest as to that entry. See 28 U.S.C. § 2631(a). Moreover, it is self-evident that a protest need not be denied *in toto*. Thus, in a situation in which a protest is administratively allowed as to one entry, but denied as to another, the importer has no right of action in this court with regard to the former entry. Then, too, an importer may decide for his own reasons not to pursue judicially a claim as to merchandise on a particular entry, even though he may have sought a reliquidation administratively. Clearly, therefore, a summons may be limited in content to fewer entries than were covered by the administrative protest, denial of which is being challenged.

In sum, each entry is a separate transaction and an administrative decision is made with regard to each such transaction. What is more, 28 U.S.C. § 1582(a) grants the Customs Court exclusive jurisdiction of civil actions instituted by the person whose protest has been denied, in whole or in part, "where the *administrative decision* * * * involves * * * (5) the liquidation or reliquidation of *an entry* * * *." [Emphasis added.] Added to that, 28 U.S.C. § 2631(a), as discussed before, provides that:

An action over which the court has jurisdiction *under section 1582(a)* of this title is barred unless commenced within one hundred and eighty days * * * [Emphasis added.]

Thus, any claim with regard to the liquidation of the six entries sought by plaintiff to be added to the present summons, is time-barred by statute, notwithstanding that administrative relief was sought as to those entries by way of protest.

Also worthy of note is rule 3.4(a)(3) of this court which provides:

(a) * * * A summons in a civil action commenced to contest the denial of a protest * * * *shall set forth*:

* * * * * *

(3) with respect to *each entry* of merchandise involved in a denied protest *included* in the civil action, the port of entry, the entry number, and the date of entry * * *. [Emphasis added.]

Obviously, were the court to accept plaintiff's contention that the mere identification of the protest number on the face of the summons serves to include in the resulting civil action all matters within the scope of the protest, there would be no necessity for this rule. Further, considering that 28 U.S.C. § 2632(a) provides in part that "[a] civil action shall be commenced by filing a summons in the form, manner, and style and *with the content prescribed in rules adopted by the court*" [emphasis added], it necessarily follows that plaintiff is required to file a summons as to each entry, within 180 days after denial of the protest covering each such entry. Failure in this regard defeats plaintiff's cause of action with respect thereto.

Withal, plaintiff insists that the decision in Pharmacia Laboratories, Inc. v. United States, 67 Cust.Ct. 609, C.R.D. 71–5 (1971) should govern here. In that case the issue was whether a summons was jurisdictionally defective for failure to *allege* that all liquidated duties have been paid when in *fact* the duties had been paid. Defendant argued that whether or not all duties had been paid, the failure to aver this jurisdictional fact in the summons rendered it invalid and the action should be dismissed. Plaintiff argued it was the fact and not the allegation which determined jurisdiction. The court allowed plaintiff to amend its summons to include the jurisdictional averment that all duties had been paid before the filing of the summons. In reaching this conclusion, the court stated (67 Cust.Ct. at 610):

By statute (28 U.S.C. § 1582, as amended) the fact that all liquidated

duties, charges or exactions have been paid at the time an action is filed in this court is a jurisdictional condition precedent to instituting such action. If payment of duties has not been made, the court lacks jurisdiction to entertain the action. From this requirement there can be no departure. But does it follow, as a necessary consequence, that the failure to state this fact, as distinguished from the failure to comply with this condition, constitutes a fatal jurisdictional defect?

The court then went on to point out (*Id.* at 612):

* * * Even where essential jurisdictional *averments* are omitted from pleadings courts are empowered, if not also required, to make appropriate corrections. This is the intent and purpose of 28 U.S.C. § 1653 which provides as follows:

"Amendment of pleadings to show jurisdiction.

Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

* * * * * *

Since, in other federal forums, jurisdictional allegations are embodied in complaints, and since the *failure to state jurisdictional facts is not a fatal omission,* but can be cured by amendment, it would seem that there is no justifiable argument for denying to plaintiffs in this court an opportunity to amend that document in which the jurisdictional statement is required. [Emphasis added.]

From the foregoing, it is clear that there is a basic distinction between the situation in *Pharmacia* and the situation here. For in *Pharmacia* the court had jurisdiction of the subject matter since the duties had in fact been paid. The only difficulty was that plaintiff had neglected to state that fact in the summons and thus failed to comply with a procedural requirement. Here, on the other hand, the court has no jurisdiction whatever of the subject matter in view of the fact that adherence to the 180-day

filing requirement is an absolute jurisdictional requirement. Thus, just as the court lacks jurisdiction to entertain an action if payment of duties has not been made (see *Pharmacia,* 67 Cust.Ct. at 610), so too the court lacks jurisdiction to entertain the present motion since it was not filed within the 180-day limitation period.

For the reasons stated above, the court hereby denies plaintiff's motion for an order that a timely summons be deemed filed for the six entries in question.