GROVER PISTON RING CO., INC., A WISCONSIN CORPORATION, A/K/A GROVER UNIVERSAL SEAL, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83-12-01708

*Memorandum To Accompany Order*

FORD, *Judge:* The court has before it for determination defendant's motion to dismiss this action for lack of jurisdiction and/or failure to state a claim upon which relief may be granted. Basically, defendant contends the lack of jurisdiction is the result of the protest, which was timely filed, containing only two entries and not the 101 entries plaintiff alleges were intended to be covered.

On January 3, 1983 the Customs District of Milwaukee, Wisconsin, liquidated 101 entries of plaintiff's merchandise. A protest filed

on March 30, 1983 included in the attachment under the heading "Entry Numbers and Dates" entry Nos. 82-125077 and 82-127790. On September 26, 1983 plaintiff filed a summons commencing Court No. 83-9-01371 which listed the two entry numbers.

Plaintiff on December 2, 1983 filed a second summons instituting this action, 83-12-01708. Attached thereto was a United States Customs computer printout covering the 101 entries including the two entries covered by the earlier action. Defendant's motion seeks dismissal on the ground that the two enumerated entries are covered by the initial action and are therefore duplicative. As to the balance of entries, since they were not protested within 90 days after liquidation, as required by 19 U.S.C. 1514, defendant urges said liquidation is final and conclusive upon all parties.

The regulation, 19 CFR Section 174.13, promulgated pursuant to the language of 19 U.S.C. 1514 sets forth the necessary elements of a protest. The entry number, dates of entry and dates of liquidation are among other information required to be set forth in a protest. See *Noury Chemical Corp. v. United States,* 4 CIT 68 (August 9, 1982). Plaintiff not having listed the entry numbers, etc. of the 99 entries, the protest was insufficient as to those entries. The filing of the second summons containing the 101 entries cannot cure the defect of the protest. In effect no protest was filed covering the remaining 99 entries. The protest could not, therefore, be denied as to those entries and, hence an action could not be brought in this court pursuant to 28 U.S.C. 1581(a), nor timely instituted under 28 U.S.C. 2636(a).

The reverse situation occurred in *Border Brokerage Co.* v. *United States,* 72 Cust. Ct. 93, C.D. 4508 (1974), where plaintiff filed a protest covering thirteen entries which was denied. Plaintiff then filed a summons listing only seven entries. Plaintiff sought to amend the summons some two hundred days after the denial of the protest. The court refused to permit amendment and made the following observations:

> In light of the foregoing, it is manifest that in order for an importer to contest judicially the liquidation of an entry of imported merchandise, not only must he initially file a protest with regard to that entry (see 19 U.S.C. § 1514) * * * but, additionally, following denial of the protest on the administrative level, he must commence a civil action with respect to such entry by the filing of a timely summons within 180 days after denial of the protest as to that entry. * * * Moreover, it is self-evident that a protest need not be denied *in toto.* Thus, in a situation in which a protest is administratively allowed as one entry, but denied as to another, the importer has no right of action in this court with regard to the former entry. Then, too, an importer may decide for his own reasons not to pursue judicially a claim as to merchandise on a particular entry, even though he may have sought a reliquidation administratively. Clearly, therefore, a summons may be limited in con-

tent to fewer entries than were covered by the administrative protest, denial of which is being challenged.

In sum, each entry is a separate transaction and an administrative decision is made with regard to each such transaction. [P. 96.]

Accordingly it is apparent from the foregoing that plaintiff's failure to include the other 99 entries on the protest eliminated those transactions from the administrative decision of Customs. It is not within the province of Customs officials to assume plaintiff intended to include all 101 entries.

The two entries covered by Court No. 83-9-01371, having been timely protested and an action timely instituted in this Court, are duplicative of those entries covered by the instant action and must be dismissed. Defendant's motion to dismiss must be granted for the reasons set forth above.