BRADLEY TIME DIV. ELGIN NATIONAL TIME WATCH CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 85-3-00312

(Decided December 10, 1985)

*Sharretts, Paley, Carter & Blauvelt (Donna L. Shira)* for plaintiff.
*Richard K. Willard,* Assistant Attorney General, *Joseph I. Leibman,* Attorney in Charge, International Trade Field Office, and *Florence M. Peterson,* United States Department of Justice, Civil Division, for defendant.

RESTANI, *Judge:* Plaintiff Bradley Time Division, a wholly-owned division of Elgin National Watch Co., has filed an action contesting the denial of several protests involving the classification of quartz analogue watches. 28 U.S.C. § 1581(a) (1982). Plaintiff's summons contains a Schedule of Protests that lists six protests and thirteen entries. It fails, however, to list the entries included in protest number 1001-4-000752, the protest number listed on the first page of the summons. Plaintiff now seeks to amend its summons pursuant to U.S. CIT Rule 3(d),[1] claiming that the omission of these entries was merely a typographical error, which it now seeks to correct. Defendant opposes the motion, claiming that plaintiff has failed to include those entries in a summons filed within 180 days of the

---

[1] Rule 3(d) reads as follows: "Amendment of Summons. The court may allow a summons to be amended at any time, in its discretion and upon such terms as it deems just, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the amendment is allowed."

denial of the protest as required by 28 U.S.C. § 2636(a) (1982), and that consequently this court lacks jurisdiction over claims involving those entries.

The facts underlying this claim can be stated briefly. Protest number 1001–4–000752 was denied on October 26, 1984. The summons involved in this case, which was allegedly intended to include protest number 1001–4–000752 and its eleven entries,[2] was filed March 5, 1985. The motion to amend the summons was filed October 25, 1985, almost exactly a year after the denial of the protest.

The summons is the primary jurisdictional vehicle in a civil action contesting the liquidation of an entry. To properly commence a section 1581(a) action, a plaintiff must file with the clerk of the court a summons "with the content and in the form, manner, and style prescribed by the rules of the court." 28 U.S.C. § 2632(b) (1982). The form prescribed by the U.S. CIT Rules specifically indicates that the individual entries are to be enumerated. *See* U.S. CIT Rules, Appendix of Forms, Form 1. This requirement is consistent with the underlying purpose of the summons, which is to put the government on notice as to which of its decisions are being judicially contested. A plaintiff need not contest the denial of each entry included in a protest.[3] *Grover Piston Ring Co.* v. *United States,* 7 CIT 286, Slip Op. 84–56 at 3–4 (May 29, 1984), *aff'd,* 752 F.2d 626 (CAFC 1985), *Border Brokerage Co.* v. *United States,* 72 Cust. Ct. 93, 96, C.D. 4508 (1974). Consequently, notice will only be fully effective if the plaintiff specifically enumerates the entries being contested. This requirement is also consistent with past holdings of this court stating that the entry is the key unit of the classification scheme.[4]

---

[2] The following entries were included in protest number 1001–4–000752:

| Entry No. | Entry date | Date of liquidation |
|---|---|---|
| 656500 | 3–23–83 | 9–30–83 |
| 656759 | 3–25–83 | 9–30–83 |
| 753625 | 5–11–83 | 9–23–83 |
| 754484 | 7–8–83 | 12–2–83 |
| 754974 | 7–27–83 | 9–23–83 |
| 755006 | 7–29–83 | 9–30–83 |
| 755008 | 7–29–83 | 9–30–83 |
| 755018 | 8–2–83 | 9–30–83 |
| 755075 | 8–15–83 | 9–30–83 |
| 755076 | 8–15–83 | 9–30–83 |
| 755077 | 8–15–83 | 9–30–83 |

[3] This court has noted that the grouping of entries under one protest "is merely an administrative vehicle in which * * * multiple yet distinct claims may be embodied." *Border Brokerage Co.* v. *United States,* 72 Cust. CT. 93, 94, C.D. 4508 (1974).

[4] In *Grover Piston Ring Co.* v. *United States,* 7 CIT 286, Slip Op. 84–56 (May 29, 1984), *aff'd,* 752 F.2d 626 (CAFC 1985), this court dismissed a summons that included two entries contained in a previously filed summons and ninety-nine entries that had never been the subject of a valid protest. The court emphasized that each entry number, date of entry, and date of liquidation must be specified in a protest. 19 C.F.R. § 174.13 (1985).

In *Border Brokerage Co.* v. *United States,* 72 Cust. Ct. 93, C.D. 4508 (1974), the plaintiff filed a summons that included seven out of thirteen entries involved in the protest. The court refused to allow plaintiff to amend the summons after 180 days from the denial of the protest, rejecting plaintiff's position that "the mere identification of the protest number on the face of the summons serves, without more, to bring all protested entries within the scope of the resulting civil action commended to contest denial of the protest." *Id.* at 94. The court held that each entry is a unique and distinct claim. *Id.* at 94–96.

In *E.S. Novelty Co.* v. *United States,* 68 Cust. Ct. 374, 343 F. Supp. 1364 (1972), this court severed and dismissed one jurisdictionally deficient entry fron four others. In doing so, the court stated: "[T]he tariff treatment of the single entry * * * remains * * * the most fundamental and indivisible circumsta nces [sic] which can give rise to legal claims." *Id.* at 375, 343 F. Supp. 1365.

The need to overlook true typographical errors must be balanced against the need to provide adequate notice to the government. A plaintiff cannot amend its summons to include entries competely omitted from the original summons once the 180 day filing period has passed. In such a case the plaintiff has failed in its duty to inform the government of which entries are being contested, even if the protest number is identified on the summons. On the other hand, such amendment may be appropriate in a case in which entry numbers are listed but some of the numbers are transposed, or in other situations in which the entry numbers are identifiable but are somewhat incorrectly listed. In such a case the government can be said to have been put on notice of the grievance and the incorrect listing can fairly be classified as a typographical error. Plaintiff's error does not fall into this category. Consequently, its motion to amend is denied.

Finally, in *Novelty Imports, Inc.* v. *United States,* 68 Cust. Ct. 362, 341 F. Supp. 1228 (1972), *aff'd,* 60 CCPA 131, 476 F.2d 1385 (1973), plaintiff filed an action comprised of several protests, one of which contained two entries for which liquidated duties had not been paid. The court followed a practice of the court under former statutes "to dismiss protests only with respect to those entries as to which duties [have] not been paid." *Id.* at 366, 341 F. Supp. 1231.