**POLLAK IMPORT–EXPORT CORP., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip Op. 94–31.**
**Court Nos. 90–09–00484, 90–09–00484–S.**

United States Court of
International Trade.

Feb. 22, 1994.

Fitch, King and Caffentzis (James Caffentzis), New York City, for plaintiff.

Frank W. Hunger, Assistant Attorney General; Joseph I. Liebman, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Susan Burnett Mansfield), Washington, DC, for defendant.

### MEMORANDUM OPINION

GOLDBERG, Judge:

This matter comes before the court on defendant's motion, pursuant to USCIT Rules 59(e) and 60(a), (b), to amend the stipulated judgment previously entered in this action, and to sever and dismiss three entries for lack of subject matter jurisdiction. Plaintiff, Pollak Import–Export Corp. ("Pollak") cross moves, pursuant to USCIT Rules 3(d) and 7, to amend the summons that commenced this action by adding the entries in question. The court finds that the three entries in question were not included in the original summons and that, as a result, it does not presently have subject matter jurisdiction over those entries. The court therefore grants the government's motion; Pollak's cross-motion is denied.

### BACKGROUND

Pollak, an importer of ladies' wool knit garments, challenged Customs' classification of certain merchandise as wool coats rather than wool jackets. *Pollak Import–Export v. United States,* Court No. 88–08–00649. *Pollak* was designated a test case. This court decided the test case in Pollak's favor on February 14, 1992. *Pollak,* 16 CIT ——, Slip Op. 92–12, 1992 WL 33828 (1992). The present case (*i.e.* Court No. 90–09–00484) and several others were suspended under that test case.

In light of the court's decision, the parties entered into stipulated judgments. The stipulated judgment settling Court No. 90–09–00484 et al.[1] was entered on September 16, 1993. Subsequently, the government discovered an inconsistency between the stipulated judgment and the original summons commencing this case. The stipulated judgment listed entry numbers 0008933, 0008966, 0009074, and 0009117 under protest number 1001-9-006528. The original summons commencing this action, however, only listed entry number 0008933 under the same protest number.

The issue presently before the court concerns the discrepancy between the entries listed on the original summons for Court No. 90–09–00484 and those listed on the stipulated judgment entered on September 16, 1993. The government claims that it was the understanding of both parties that the stipu-

---

1. Court Nos. 91–09–00706; 93–07–00385; and 92–10–00701 were also settled by this stipulated judgment.

lated judgment would apply only to entries within the subject matter jurisdiction of the court. The government asserts that because entry numbers 0008966, 0009074, and 0009117 were not included in the summons, and no summons containing these entries was filed within 180 days of denial of the underlying protest as required by 28 U.S.C. § 2636(a) this court cannot exercise jurisdiction over these three entries.[2]

The government moves for an order to amend the stipulated judgment by removing these entries. In the same motion, the government requests that the court sever these entries from Court No. 90–09–00484, designate them as Court No. 90–09–00484–S, and dismiss Court No. 90–09–00484–S for lack of subject matter jurisdiction. Pollak cross-moves to amend the summons for Court No. 90–09–00484 pursuant to USCIT R. 3(d).[3] Pollak filed this motion November 1, 1993, more than three and one half years after its protests had been denied.

### DISCUSSION

The court notes that "if the court lacks power to adjudicate ... a cause of action in the first instance, it lacks power also to sanction a stipulation of settlement by entering a consent decree." *Walling v. Miller,* 138 F.2d 629 (8th Cir.1943). Therefore, if the court does not have subject matter jurisdiction over the three entries in question, then the stipulated judgment is not binding as to those entries. The focal point for the court's analysis is whether it can find jurisdiction over these three entries either in the original summons or by allowing Pollak to amend the original summons.

---

**2.** 28 U.S.C. § 2636(a) (1988) provides:

A civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade
    **(1)** within one hundred and eighty days after the date of mailing of notice of denial of a protest under section 515(a) of such Act; or
    **(2)** within one hundred and eighty days after the date of denial of a protest by operation of law under the provisions of section 515(b) of· such Act.

**3.** USCIT R. 3(d) provides: "The court may allow a summons to be amended at any time, in its

Pollak initially argues that the entries are included within the scope of the original summons. It argues that, by listing the protest number in the summons, all entries associated with that protest number are implicated in the action. Alternatively, Pollak argues that if the entries are found not to be included within the scope of the original summons, the court should allow Pollak to retroactively amend the summons to include those entries under the listed protest number, so that the stipulated judgment will apply to them. Each of these arguments will be discussed in turn.

### I. *The scope of the summons.*

■ 28 U.S.C. § 2632(b)[4] states that an action contesting the denial of a protest, in whole or in part, is commenced in the court by filing a summons. Plaintiff must file a summons, *"with the content* and in the form, manner, and style prescribed by the rules of the court." 28 U.S.C. § 2632(b) (1988) (emphasis added). The form provided by U.S.C.I.T. Rules specifically indicates that the individual entries are to be enumerated. U.S.C.I.T. Rules, *Appendix of Forms, Form* 1. The court notes: "[t]his requirement is consistent with the underlying purpose of the summons, which is to put the government on notice as to which of its decisions are being judicially contested.... Consequently, notice will only be fully effective if the plaintiff specifically enumerates the entries being contested." *Bradley Time Div. Elgin Nat'l Time Watch Co. v. United States,* 9 CIT 613, 614 (1985).

Pollak argues that simply listing the protest number in the summons puts the government on notice of every possible claim

---

discretion and upon such terms as it deems just, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the amendment is allowed."

**4.** This section reads:

A civil action in the Court of International Trade under section 515 or section 516 of the Tariff Act of 1930 shall be commenced by filing with the clerk of the court a summons, with the content and in the form, manner, and style prescribed by the rules of the court.
28 U.S.C. § 2632(b) (1988).

under that protest number. Pollak argues that the basis of the court's jurisdiction is grounded upon the filing of a summons against the denial of a protest, and that the omission of an individual entry number covered by that protest is not an incurable jurisdictional defect.

The court rejected a similar argument in *Border Brokerage Co., Inc. v. United States,* 72 Cust.Ct. 93, 372 F.Supp. 1389 (1974). The court there noted that filing a protest does not create a unitary cause of action which automatically embraces all entries included therein. "The grouping of entries within a single protest is a matter of convenience to the importer.... [T]he protest is merely an administrative vehicle in which ... multiple yet distinct claims may be embodied." *Id.* at 94, 372 F.Supp. at 1390.

The *Border Brokerage* court treated each entry as a distinct claim which should have been listed in the summons. The court observed:

"[A]n importer may decide for his own reasons not to pursue judicially a claim as to merchandise on a particular entry, even though he may have sought a reliquidation administratively. Clearly, therefore, a summons may be limited in content to fewer entries than were covered by the administrative protest, denial of which is being challenged." *Id.* at 96, 372 F.Supp. at 1392.

The court finds *Bradley* and *Border Brokerage* dispositive. For the government to have been adequately notified of all claims brought against it, Pollak had to list in the summons each entry under protest number 1001–9–006528 it wished to judicially contest. Each entry represents a potential claim against the government that Pollak could have pursued in this case. The government should not be forced to speculate whether certain entries were omitted intentionally or inadvertently. Unless the entries are listed in the summons, the government cannot have adequate notice as to these claims. Because the three entries in question were not listed in the summons, they are not included within the scope of the summons and the court does not presently have jurisdiction over the three entries.

## II. *Amendment of the summons.*

Pollak asks this court to allow it to amend the summons it filed on September 19, 1990, pursuant to USCIT R. 3(d), to include entry numbers 0008966, 0009074, and 0009117. 28 U.S.C. § 2636(a) states that an action contesting denial of a protest is barred from this court unless it is commenced within 180 days of the denial. Protest number 1001–9–006528, which contains the three entries in question, was denied on March 23, 1990. The 180 day period Pollak was allotted under § 2636(a) expired on September 19, 1990. As the court noted, Pollak filed its motion to amend the summons more than three and one half years after the protest was denied. Therefore, Pollak is timebarred from amending its summons.

Jurisdictional prerequisites are strictly construed. *See Mitel, Inc. v. United States,* 16 CIT ——, 782 F.Supp. 1567 (1992). Any argument over considerations of fairness is misplaced in this case. Section 2636(a) provides a hard and fast deadline which Pollak did not meet. The court's decision in this case is consistent with previous decisions. "A plaintiff cannot amend its summons to include entries completely omitted from the original summons once the 180 day filing period has passed." *Bradley,* 9 CIT at 615.

Finally, the court acknowledges that an amendment of a summons may be appropriate where entry numbers are listed, but the numbers are transposed. *See id.* In such cases, the entry numbers are identifiable despite any error in listing the entry numbers, and the government would have notice of each entry being judicially disputed. Pollak's error in this case, however, is not a mere typographical error. As a result, the court refuses to grant Pollak an amendment to its original summons in this case.

## CONCLUSION

For the foregoing reasons, the court grants the government's motion to amend the stipulated judgment by removing entry numbers 0008966, 0009074, and 0009117. The court further grants the government's motion to sever these entry numbers from

Court No. 90–09–00484, and to designate them as Court No. 90–09–00484–S. Court No. 90–09–000484–S shall be dismissed for lack of subject matter jurisdiction. Pollak's motion to amend is denied.

### *ORDER*

Upon reading defendant's motion to amend the stipulated judgment in this case and to sever and dismiss entries over which the court lacks jurisdiction; upon reading plaintiff's motion to amend the summons commencing this case; upon consideration of all other papers and proceedings had herein; and upon due deliberation, it is hereby

**ORDERED** that plaintiff's motion to amend its summons is denied; it is further

**ORDERED** that defendant's motion to amend the Stipulated Judgment on Agreed Statement of Facts, designated Court Nos. 90–09–00484 et al., and to sever and dismiss entries over which the court lacks jurisdiction, is granted; it is further

**ORDERED** that the Stipulated Judgment on Agreed Statement of Facts, designated Court Nos. 90–09–00484 et al. and entered on September 16, 1993, is amended to reflect the removal of entry numbers 0008966, 0009074, and 0009117; and it is further

**ORDERED** that entry numbers 0008966, 0009074, and 0009117 are severed from this action and designated Court No. 90–09–00484–S, which action is hereby dismissed for lack of jurisdiction.

The parties' Stipulated Judgment on Agreed Statement of Facts, designated Court Nos. 90–09–00484 et al., is affirmed in all other respects.