**POLLAK IMPORT–EXPORT CORP.,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–**
**Appellee.**

No. 94–1289.

United States Court of Appeals,
Federal Circuit.

April 11, 1995.

James Caffentzis, Fitch, King & Caffentzis, New York City, argued, for plaintiff-appellant.

Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Dept. of Justice, of New York City, argued, for defendant-appellee. With him on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Susan Burnett Mansfield, Sr. Trial Counsel.

Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

A suit in the Court of International Trade under 19 U.S.C. § 1515 (1988) challenging the denial of a protest concerning the customs classification of imported merchandise is begun by filing a summons. The summons form provides space for listing the entry numbers (the number assigned to merchandise upon entry into this country) of the merchandise addressed by each protest that the suit is challenging. The Court of International Trade held that it lacked subject matter jurisdiction over entries not listed on the summons and therefore amended a prior stipulated judgment between the importer and the government that settled the action in the importer's favor to eliminate the relief covering those unlisted entries. *Pollak Import–Export Corp. v. United States,* 846 F.Supp. 66, 69–70 (CIT 1994). We hold that the failure to list the entries on the summons was not jurisdictional. We therefore reverse the Court of International Trade's modification of the stipulated judgment and remand

the case to that court with instructions to reenter the original judgment.

## I

The facts are undisputed. In 1988 the appellant Pollak Import–Export Corp. (Pollak) filed suit in the Court of International Trade challenging the customs classification of merchandise it had imported as wool coats rather than wool jackets, *Pollak Import–Export Corp. v. United States,* 16 CIT 58, 1992 WL 33828 (1992). The court designated that action a test case and suspended later cases involving the classification of the same or similar merchandise, pending resolution of the test case.

The present case was one of the suspended cases. Pollak commenced the case on September 19, 1990, contesting the denial of protest number 1001–9–006528. Following the practice in that court, Pollak initiated the action by filing only a summons, and the case was then suspended. The protest that was the subject of the action covered four entry numbers, only one of which was shown on the summons.

Form 1 in the Appendix of Forms of the Rules of the Court of International Trade specifies the form of the summons. After providing spaces for describing the "protest specified below," the "denial of" which the civil action is brought "to contest," the form contains the following blank table:

### ENTRIES INVOLVED IN ABOVE PROTEST

| Entry Number | Date of Entry | Date of Liquidation | Entry Number | Date of Entry | Date of Liquidation |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

The court decided the test case in Pollak's favor in February 1992. Pollak then filed a complaint in the instant case, and the government answered. On September 7, 1993, Pollak submitted to the government a proposed stipulated Judgment on Agreed Statement of Facts, deciding the case in Pollak's favor in accordance with the test case. Two days later, the parties filed a Stipulated Judgment, which the court entered on September 16, 1993. Both the agreement and the judgment covered the three entries not listed in the summons.

The office of the Clerk of the Court of International Trade then invited the parties' attention to the variance between the summons and the judgment. The government moved pursuant to CIT rules 59(e) and 60(a) and (b) to amend the judgment to delete the three entries and to sever and dismiss the action with respect to the merchandise the entries covered. The government contended that because the three entries were not listed on the summons, the court lacked jurisdiction over them. Pollak responded by moving to amend the summons to add the three entry numbers.

The court granted the government's motion, "[b]ecause the three entries in question were not listed in the summons and the court does not presently have jurisdiction over the three entries." The court denied Pollak's motion to amend the summons, on the ground that the summons cannot be amended to add entries after the expiration of the 180–day statutory time limit for challenging the denial of a protest. The court's order amended the stipulated judgment (1) to remove the three unlisted entry numbers and (2) to sever those entry numbers from the action, designate them as a separate action, and dismiss the latter action "for lack of jurisdiction."

## II

■■■ The sole ground upon which the government moved to delete from the stipulated judgment the relief covering the three entry numbers not listed on the summons and upon which the court granted that motion, was that the failure to list the entries deprived the court of jurisdiction over them. The question whether that failure to list was jurisdictional turns on the intent of Congress expressed in the statutes governing judicial review of protest decisions. We do not read those statutes as indicating that failure to list an entry number on the summons ousts the court of jurisdiction over the entry.

A. The general jurisdictional statute authorizing the Court of International Trade to review denials of protests is 28 U.S.C. § 1581 (1988), which states in relevant part:

The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

This provision does not justify the court's holding as it says nothing regarding the listing of entry numbers or any other rule of the court.

Two other statutory provisions govern the time for filing and the form or content of a summons used to institute such an action. Section 2636(a) of Title 28, captioned "Time for commencement of action," states in relevant part:

A civil action contesting the denial . . . of a protest under [19 U.S.C. § 1515] is barred unless commenced in accordance with the rules of the Court of International Trade—

(1) within one hundred and eighty days after the date of mailing of notice of denial of a protest . . . or

(2) within one hundred and eighty days after the date of denial of a protest by operation of law. . . .

Section 2632(b) provides that a civil action in the Court of International Trade under 19 U.S.C. § 1515

shall be commenced by filing with the clerk of the court a summons, with the content and in the form, manner, and style prescribed by the rules of the court.

These provisions impose only two jurisdictional requisites: that a suit be instituted by filing a summons and that the suit be filed within 180 days after the denial of a protest.

We do not view the statements that the summons "have the content" and be "in the form, manner and style prescribed by the rules of the court" and that the suit must be commenced "in accordance with the rules" of the court as reflecting a legislative intent that compliance with those rules constitutes an essential element of the court's jurisdiction. Rather, these are housekeeping provisions that explain the procedures to be followed in properly invoking the court's jurisdiction by filing a summons within 180 days of the denial of a protest, which Pollak concededly here did. In § 2632(b) Congress merely has delegated to the court "authority to prescribe the 'manner' of filing summonses" as well as their form and content. *Unit-*

ed States v. Fairfield Gloves, 558 F.2d 1023, 1026 (CCPA 1977).

There is no reason to believe that by including these housekeeping provisions in the statute Congress intended to make compliance with all of the court's rules governing the timely institution of a civil action challenging a protest and the detailed requirements for the form and content of the summons a jurisdictional element of the suit. The rule-making authority of the Court of International Trade "gave it no authority … to enlarge or diminish the jurisdiction" that Congress gave the Court. United States v. Sherwood, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941) (discussing federal courts' authority under the Federal Rules of Civil Procedure). A court may only determine its own jurisdiction; it cannot define it. The definition of jurisdiction is for the legislature.

Furthermore, nothing in the rules of the Court of International Trade explicitly requires that all the entry numbers in the protest that are being challenged be listed on the summons. That conclusion is merely an inference to be drawn from the space provided on the summons to list the "entries involved in above protest."

The Court of International Trade relied on two of its prior decisions as authority that failure to list the entry numbers on the summons is a jurisdictional defect. Border Brokerage Co. v. United States, 372 F.Supp. 1389, 72 Cust.Ct. 93 (1971); Bradley Time Div. Elgin Nat'l Time Watch Co. v. United States, 9 CIT 613, 1985 WL 25790 (1985). To the extent those decisions so hold, we disagree with them for the reasons set forth above.

The government cites United States v. Novelty Imports, Inc., 476 F.2d 1385 (CCPA 1973), which quotes with approval the statement in E.S. Novelty Co. v. United States, 343 F.Supp. 1364 (Cust.Ct.1972), that each entry number constitutes a separate legal claim. Not only is that language dictum, but that case addressed a different issue: "'whether under 28 U.S.C. [§ 2637(a) ] … [the Customs Court] may entertain jurisdic-

tion of a civil action combining a number of denied protests covering several entries when liquidated duties have not been paid to some of the entries.'" Novelty Imports, 476 F.2d at 1386 (quoting decision of the trial court, Novelty Imports, Inc. v. United States, 341 F.Supp. 1228, 1229 (Cust.Ct.1972)). That case does not support the Court of International Trade's jurisdictional ruling.

B. This court considered and rejected a similar claim that failure to comply with a statutory requirement was a jurisdictional defect for a tribunal in In re Compagnie Generale Maritime, 993 F.2d 841 (Fed.Cir. 1993). That was a suit by a French corporation challenging the refusal of the Trademark Trial and Appeal Board to register the mark FRENCH LINE for a variety of goods and services. This court upheld the refusal to register, on the ground that "the Board's decision rests entirely on findings or determinations of fact, none of which have been shown to be clearly erroneous." Id. at 845.

A dissenting opinion was of the view that the Board should not even have accepted or processed the application because it failed to allege prior use of the mark which, in the dissent's view, the statute required. According to the dissent, this requirement was jurisdictional. Id. at 847. The dissent concluded that the Board had no jurisdiction to consider the merits of the application and should have summarily dismissed it for lack of jurisdiction.

This court disagreed with the dissent that the issue of prior use, which neither party had raised and the Board had not considered, was properly before the court, and rejected the dissent's conclusion that the alleged defect was jurisdictional. See id. at 843 n. 3. A concurring opinion rejected the dissent's jurisdictional argument:

The question the dissent addresses is one of statutory interpretation: Whether the Lanham Act requires an application for trademark registration in the United States based upon foreign registration of the mark to show prior use of the mark. The dissent's conclusion that the Act requires that showing does not establish that without that showing the Board had no

"jurisdiction" in the case. "The term 'jurisdiction' ... is a verbal coat of ... many colors." *International Longshoremen's Ass'n v. Davis,* 476 U.S. 380, 402, 106 S.Ct. 1904, 1918, 90 L.Ed.2d 389 (1986) (Rehnquist, J.[, dissenting]) (quoting *United States v. Tucker Truck Lines, Inc.,* 344 U.S. 33, 39, 73 S.Ct. 67, 70, 97 L.Ed. 54 (1952) (Frankfurter, J., dissenting)). The dissent's conclusion that the applicant may not have met the statutory requirements for registration, so that the Board could not grant the application, does not mean that the Board had no jurisdiction in the case.

*Id.* at 847.

We think that by analogy this reasoning supports the conclusion in the present case that the failure to list the three entry numbers in the summons was not a jurisdictional bar to the Court of International Trade's granting relief in the stipulated judgment for those entries. Indeed, this is an even stronger case for not finding a jurisdictional bar than *Compagnie Generale.* There the alleged jurisdictional defect was the failure to comply with a statutory requirement for registration. Here the requirement of listing the entry numbers in the summons stemmed not from a statutory requirement but from the summons form the Court of International Trade rules prescribe.

■ C. The portion of the complaint that sought relief with respect to the three entry numbers not listed on the summons might have been dismissible on a timely motion. The proper ground for such dismissal, however, would have been failure to state a claim on which relief could be granted, not a lack of jurisdiction. *Cf. Rhone Poulenc, Inc. v. United States,* 880 F.2d 401, 402 (Fed.Cir. 1989). The failure to list the entry numbers on the summons was not jurisdictional.

## CONCLUSION

Since we reject the sole ground on which the Court of International Trade modified the stipulated judgment, which also is the sole ground on which the government defends that ruling, it follows that the modification cannot stand. The order of the Court of International Trade granting the government's motion to amend the judgment is reversed. The case is remanded to that court with instructions to reenter the original stipulated judgment.

*REVERSED AND REMANDED.*