**Slip Op. 99-105**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

```
_____
                                        :
SKF USA INC., SKF FRANCE S.A.,          :
SARMA, SKF GmbH, SKF INDUSTRIE          :
S.p.A. and SKF SVERIGE AB,              :
                                        :
        Plaintiffs,                     :
                                        :
                v.                      :   Court No. 98-07-02540
                                        :
THE UNITED STATES,                      :
                                        :
        Defendant,                      :
                                        :
THE TORRINGTON COMPANY,                 :
                                        :
        Defendant-Intervenor.           :
_____ :
```

Defendant-intervenor, The Torrington Company ("Torrington"), moves to dismiss this action for lack of jurisdiction on the ground that the summons is defective. The summons appeals certain aspects of the Department of Commerce, International Trade Administration's ("Commerce") final determination in <u>Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews</u>, 63 Fed. Reg. 33,320 (June 18, 1998), <u>amended by</u>, <u>Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Germany, Italy, and Sweden; Amended Final Results of Antidumping Duty Administrative Reviews</u>, 63 Fed. Reg. 38,369 (July 16, 1998). The review covers four countries from which plaintiffs, SKF USA INC., SKF FRANCE S.A., SARMA, SKF GmbH, SKF INDUSTRIE S.p.A. and SKF SVERIGE AB (collectively "SKF"), import and export antifriction bearings. Torrington contends that SKF should have filed a separate summons for each country contained in the review. Plaintiffs, as well as the defendant, the United States, oppose Torrington's motion to dismiss.

**Held:** Torrington's motion to dismiss for lack of jurisdiction is denied.

[Torrington's motion to dismiss is denied.]

Dated: October 7, 1999


Steptoe & Johnson LLP (Herbert C. Shelley and Alice A. Kipel) for the plaintiffs.

David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Velta A. Melnbrencis, Assistant Director), for the defendant.

Stewart and Stewart (Terence P. Stewart, Geert De Prest, Wesley K. Caine, and Lane S. Hurewitz) for the defendant-intervenor.


## OPINION

**TSOUCALAS, Senior Judge:** Defendant-intervenor, The Torrington Company ("Torrington"), moves to dismiss this action for lack of jurisdiction on the ground that the summons is defective. The summons appeals certain aspects of the Department of Commerce, International Trade Administration's ("Commerce") final determination in Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From France, Germany, Italy, Japan, Romania, Singapore, Sweden, and the United Kingdom; Final Results of Antidumping Duty Administrative Reviews ("final results"), 63 Fed. Reg. 33,320 (June 18, 1998), amended by, Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From Germany, Italy, and Sweden; Amended Final Results of Antidumping

<u>Duty Administrative Reviews</u>, 63 Fed. Reg. 38,369 (July 16, 1998). The review covers four countries from which plaintiffs, SKF USA INC., SKF FRANCE S.A., SARMA, SKF GmbH, SKF INDUSTRIE S.p.A. and SKF SVERIGE AB (collectively "SKF"), import and export antifriction bearings. Torrington contends that SKF should have filed a separate summons for each country contained in the review. Plaintiffs, as well as the defendant, the United States, oppose Torrington's motion to dismiss.

## BACKGROUND

In this case, the final results cover three classes of antifriction bearings ("AFBs"): ball bearings ("BBs"), cylindrical roller bearings ("CRBs") and spherical plain bearings ("SPBs"). The final results cover imports from eight countries. SKF exports and imports AFBs from four of these countries: France, Germany, Italy and Sweden.

On July 17, 1998, SKF filed a summons with this Court appealing the final results pursuant to 19 U.S.C. § 1516a(a)(2). In the summons, SKF specified that it was appealing the results concerning "antifriction bearing imports from France, Germany, Italy, and Sweden." SKF also cited the respective case numbers, A-427-801, A-428-801, A-475-801 and A-401-801.

## DISCUSSION

### I.   Contentions of the Parties

Torrington's principal contention is that the United States has not waived its immunity from suit for actions commenced with a single summons to contest the final results of an antidumping administrative review made with respect to four countries with which SKF trades.  Torrington contends that 19 U.S.C. § 1516a, the rules of the Court and Form 3 in the Appendix of Forms to the rules of this Court all envision that a separate summons must be filed for each country contained in the review.  Torrington argues that the decisions for each country that SKF appeals are separate determinations and SKF, therefore, should file a separate summons for each country.  Torrington does not believe that the results of all four countries constitute a single determination.

Torrington appears to try to bolster its argument by stating that Commerce issues final results on a country-specific basis. Torrington claims that it is aware that appeals by exporters regarding final results reached in earlier reviews of the orders went without challenge even though based on a single summons, but argues that jurisdictional issues can be raised at any time. Torrington also contends that the issue is one of first impression before this Court and prior actions where plaintiffs combined

appeals of several determinations in one summons were unchallenged.

SKF makes several arguments against Torrington's motion to dismiss. First, SKF argues that nothing in 19 U.S.C. § 1516a, the Court's rules or Form 3 precludes SKF from using a single summons to appeal an antidumping decision covering four countries from which SKF imports and exports AFBs. Second, SKF argues that all the elements of a proper summons have been satisfied. Specifically, SKF argues that the summons gave Torrington and the government timely notice of the nature of SKF's appeal because it identified the subject of the appeal by case number, country and SKF company name. Finally, SKF argues that even if Torrington's interpretation of 19 U.S.C. § 1516a is correct, the appeal is still proper because the review at issue constitutes a single determination.

The government also opposes Torrington's motion to dismiss. First, the government argues that no statutory language precludes a plaintiff from filing a summons appealing several determinations. Second, the government contends that the filing of one summons appealing four separate administrative determinations is an administrative, not a jurisdictional, matter. As support for its argument, the government cites 28 U.S.C. § 2633(b), which provides

the Court with the power to prescribe rules for severances. Third, the government draws an analogy to actions brought under 28 U.S.C. § 1581(a), which gives the Court jurisdiction to hear the denial of a protest. The government argues that although § 1581 refers to "a" protest, the Court has entertained actions concerning the denial of several protests.

## II.  Jurisdiction

This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1581(c) (1994), which provides that "[t]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced under section 516A of the Tariff Act of 1930." Section 516A of the Tariff Act of 1930, 19 U.S.C. § 1516a (1994), provides for judicial review in antidumping duty proceedings. Section 1516a(a)(2)(B)(iii) is of particular relevance to this case. It provides the Court with jurisdiction over "a final determination" made "by the administering authority or the Commission." 19 U.S.C. § 1516a(a)(2)(B)(iii). The definition of the term "administering authority" includes "the Secretary of Commerce, or any other officer of the United States to whom the responsibility for carrying out the duties of the administering authority . . . are transferred by law."  19 U.S.C. § 1677(1)

(1994).    Thus,    this    Court    has    jurisdiction    over    final
determinations made by Commerce such as the final results of an
administrative review.

Torrington does not allege that the Court lacks subject matter
jurisdiction over the present action.  As discussed above, the
dispute falls squarely within the ambit of the Court's jurisdiction
as defined by 28 U.S.C. § 1581(c).  Rather, Torrington's concern is
whether SKF properly invoked the jurisdiction of the Court in
filing a single summons to appeal the final results of an
antidumping administrative review that encompassed four separate
determinations, each for a country from which SKF imports and
exports AFBs.  The question of whether the failure to file a
separate summons for each country is jurisdictional depends upon
whether: (1) the filing of separate summonses is a condition upon
which the United States has consented to be sued under 19 U.S.C. §
1516a;  or (2) the filing of separate summonses is a housekeeping
or administrative matter within this Court's discretion to require.
See Pollack Import-Export Corp. v. United States, 52 F.3d 303, 306-
07 (Fed. Cir. 1995).

To properly invoke the jurisdiction of the Court in an action
against the government, a litigant must comply with the terms on

which the government had consented to be sued. "The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941) (citation omitted). The United States has consented to be sued in the Court of International Trade according to the terms and conditions specified in 19 U.S.C. § 1516a(a)(2)(A). See Georgetown Steel Corp. v. United States, 4 Fed. Cir. (T) 143, 147, 801 F.2d 1308, 1312 (1986). Thus, the Court has no jurisdiction over the suit if the litigant does not comply with the terms of § 1516a(a)(2)(A). See id. at 147, 801 F.2d at 1312.

Section 1516a(a)(2)(A) requires that a litigant who wishes to contest a determination such as the one in this case file a summons within thirty days of the publication of the notice in the Federal Register and also file, "within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the rules of that court." Here, SKF properly complied with the statutory prerequisites of § 1516a(a)(2)(A) by filing a summons and complaint within the time limits imposed by that section.

There is another jurisdictional prerequisite to bringing an

action pursuant to 19 U.S.C. § 1516a that is found in 28 U.S.C. § 2632(c) (1994).  Section 2632(c) provides that a § 1516a action "shall be commenced by filing . . . a summons or a summons and a complaint, as prescribed in such section, with the content and in the form, manner, and style prescribed by the rules of the court." Thus, § 2632(c) provides a jurisdictional requirement--that a summons or a summons and a complaint be used to commence an action. Section 2632(c) also gives the Court authority to create rules for the administration of its jurisdiction.  Although the Court's power to enact rules of procedure may stem from a statutory grant of authority, compliance with these rules of procedure is not a prerequisite to the Court's jurisdiction.  See Sherwood, 312 U.S. at 589-90; Pollack, 52 F.3d at 306-07;  American Chain Ass'n v. United States, 13 CIT 1090, 1093, 746 F. Supp. 112, 114-15 (1989).

Neither the jurisdictional prerequisites of § 1516a(a)(2)(A) and § 2632(c) nor the Court's rules of procedure prohibit the filing of a single summons to contest the results of an administrative review encompassing the antidumping determinations of four countries from which SKF imports and exports AFBs.  The issue of a single summons falls into the area of housekeeping or administrative matters.

The United States Court of Appeals for the Federal Circuit ("CAFC") has been instructive in resolving this issue. In Pollack, the importer brought suit to contest the denial of a protest and filed a summons showing only one entry, even though the protest covered four entries. 52 F.3d at 305. The CAFC held that the importer's "failure to list the entries on the summons was not jurisdictional." Id. at 304. The CAFC rejected the government's argument that because the summons form in the Appendix of Forms of the Court of International Trade Rules contained spaces for each individual entry involved in the protest, the Court lacked jurisdiction over the entries not listed. See id. at 306. The CAFC reasoned that the "intent of Congress expressed in the statutes governing judicial review of protest decisions" was not to oust this Court of jurisdiction of an entry simply because it was not listed on the summons. Id.

Pollack involved Court rules arising from 28 U.S.C. § 2632(b). Pollack stated that § 2632(b) imposed one jurisdictional requirement--that a suit under 19 U.S.C. § 1515 be instituted by filing a summons--and also provides that the action "be commenced . . . with the content and in the form, manner, and style prescribed by the rules of the court." 52 F.3d at 306 (citing 28 U.S.C. § 2632(b)). The CAFC did not "view the statements that the

summons 'have the content' and be 'in the form, manner and style prescribed by the rules of the court' . . . as reflecting a legislative intent that compliance with those rules constitutes an essential element of the court's jurisdiction." <u>Id.</u> Rather, the CAFC viewed those statements as "housekeeping provisions." <u>Id.</u> at 307.

While <u>Pollack</u> involved the failure to comply with a Court form, in the instant case there was no failure to comply with a Court form or rule. It was Torrington who created the requirement that a separate summons be filed for each country whose results SKF appeals. If the CAFC in <u>Pollack</u>, however, did not find that the importer's failure to comply with a Court form was jurisdictional, then <u>a priori</u> SKF's failure to comply with Torrington's requirement of a separate summons cannot deprive this Court of jurisdiction. The Court, therefore, holds that the filing of a single summons, in this case, does not deprive the Court of jurisdiction. There is no requirement that a separate summons be filed for each country contained in the administrative review.

Torrington contends that a separate summons must be filed for the Court to have jurisdiction over Commerce's decision for each country because 19 U.S.C. § 1516a, the rules of the Court and Form

3 use the singular form of the word "determination."  In making the argument that the use of the singular form of "determination" in § 1516a(a)(2)(A) defines the Court's jurisdiction, Torrington makes a mountain out of a speck of dust.  There is no indication that Congress intended the use of the singular form of "determination" to limit the Court's jurisdiction in the manner advocated by Torrington.  Additionally, the fact that Commerce issues final results on a country-specific basis has no bearing on the Court's jurisdiction as defined by Congress.

Furthermore, the Court sees no reason why SKF should be required to file a separate summons for the decision made by Commerce for each country.  Commerce issued its findings in one notice, based on one determination which encompassed all four countries from which SKF imports and exports AFBs.  See Final Results, 63 Fed. Reg. 33,320.  Since the issues and parties involved are identical, requiring a separate summons to contest the findings for each country would violate the principle of judicial economy and USCIT R. 1, which directs the rules to "be construed and administered to secure the just, speedy, and inexpensive determination of every action."  As SKF aptly states, "[i]t would have been wasteful of everyone's resources for SKF to pay filing fees of $600 (versus $150), and to prepare four sets of essentially

identical summonses, complaints, as well as other papers, as to which the Court would then expend additional resources." Pls.' Opp'n to Def.-Intervenor's Mot. to Dismiss at 12, n. 28. There is no need to separate the action by country at the summons stage of litigation; if the Court later finds that the case has become unwieldy because of the number of countries involved in Commerce's determination, the Court has the discretion to order a severance.

For reasons of judicial economy and expediency, the Court does not impose a requirement that litigants wishing to contest the determination made by Commerce in a single review file separate summonses for each country contained in the review.

#### CONCLUSION

For the foregoing reasons, the Court denies Torrington's motion to dismiss the action for lack of jurisdiction.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:    October 7, 1999
          New York, New York