**SLIP OP. 04-160**

# UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                        :
DAIMLERCHRYSLER CORPORATION,   :
                                        :
            Plaintiff,           :
                                        :
        v.                       :        Court No. 02-00717
                                        :
UNITED STATES,                   :
                                        :
            Defendant.           :
_____:

[Motion to amend summons to include entries covered by new protests denied.]

Dated: December 22, 2004

Barnes, Richardson & Colburn (Lawrence M. Friedman and Harvey Karlovac), for plaintiff.

Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Jeanne E. Davidson, Deputy Director, Barbara S. Williams, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Saul Davis), Michael W. Heydrich, Office of Assistant Chief Counsel, International Trade Litigation, United States Bureau of Customs and Border Protection, of counsel, for defendant.

## OPINION

**RESTANI, Chief Judge:**

This matter is before the court on plaintiff DaimlerChrysler Corporation's motion to amend summons. Defendant United States opposes the motion on jurisdictional grounds.

## BACKGROUND

For more than a decade plaintiff has attempted to have its entries of automobiles, parts of which were United States manufactured but painted in Mexico, reliquidated so that such parts would receive duty free treatment under Harmonized Tariff System of the United States

("HTSUS") item 9802.00.80.  Plaintiff lost its first action following a trial because, essentially, this court and the Court of Appeals for the Federal Circuit adhered to General Motors Corp. v. United States, 976 F.2d 716 (Fed. Cir. 1992).  See Chrysler Corp. v. United States, 86 F.3d 1173, 1996 U.S. App. LEXIS 6368 (Fed. Cir. 1996) (unpublished table decision).  After the Supreme Court in United States v. Haggar Apparel Co., 526 U.S. 380 (1999), altered the legal landscape to give more import to regulations in classification matters, plaintiff filed a new action.  Because Haggar did not appear to overrule all aspects of General Motors, plaintiff lost again after trial, but persevered and convinced the Court of Appeals, based on Haggar, to totally repudiate General Motors.  See DaimlerChrysler Corp. v. United States, 361 F.3d 1378, 1384-85 (Fed. Cir. 2004). Such skillful lawyering and perseverance should be rewarded fully but, alas, the court cannot create jurisdiction to accomplish this end.

Seventeen cases were suspended under the DaimlerChrysler, 361 F.3d 1378, test case and this matter is one of those cases.  The body of the summons in this matter purported to cover 81 protests and 2,105 entries. Plaintiff alleges, and the court has no reason to doubt it, that this action was intended to cover 83 protest and 2,103 entries.  According to plaintiff, a page of a spread sheet, which was to be attached to the summons, was not attached.  Thus, apparently, 403 entries from 7 protests and 97 entries from a listed protest were not included in the summons. Defendant does not dispute this count.

## DISCUSSION

The problem here is that while the issue in dispute obviously was clear to the relevant United States agencies throughout this litigation, this action covers only the entries which are before the court.  There is no doubt that all duties have been paid as required by 28 U.S.C. §

2637(a) (2002), that this action has been appropriately suspended under CIT Rule 84 and has remained inactive, that the protests plaintiff wished it had sued on were denied under 19 U.S.C. § 1515, and that the summons here was timely under 28 U.S.C. § 2636(a) as to whatever it covered. Thus, jurisdiction would lie under 28 U.S.C. § 1581(a) if the 500 entries at issue were included in the summons.

28 U.S.C. § 1581(a) provides jurisdiction for suits challenging denials of protests. 19 U.S.C. § 1514 states that Customs' decisions, including classification decisions reflected in liquidation of import entries, are final and conclusive unless the decision is protested under 19 U.S.C. § 1515 or a civil action contesting the denial of a protest is filed. Thus, the question is what must the summons list in a case challenging a protest denial to fulfill the statute.[1]

It has been clear since the Supreme Court ruled in United States v. Stone & Downer Co., 274 U.S. 225 (1927), that a decision in one Customs classification case is not res judicata as to another case involving different entries of the same type of merchandise. These actions are entry specific. Id. at 236-37. This principle was reiterated by the Court of Appeals for the Federal Circuit, mostly notably in Schott Optical Glass, Inc. v. United States, 750 F.2d 62, 64 (1984) (recognizing exception to stare decisis for clearly erroneous decisions). Thus, if parties retain their rights to relitigate as to different entries of like merchandise, information as to what specific merchandise is before the court needs to be conveyed with particularity in the summons. Accordingly, it is evident to the court that something in or attached to the summons must lead to the specific merchandise.

---

[1] Under the court's rules, an action under 28 U.S.C. § 1581(a) is commenced by the filing of a "summons". See CIT R. 3(a).

As long as the protests were included in some way, jurisdiction will attach to every entry listed in the protest itself. That is the rule of Pollack Imp.-Exp. Corp. v. United States, 52 F.3d 303, 308 (Fed. Cir. 1985). Further, if the entries were listed and it was possible for the United States to relate the entry to the protest, as is likely under this factual scenario, then jurisdiction would also attach. But if there is no entry number on or attached to the summons and no protest number on or attached to the summons at the time it is filed, the general understanding that DaimlerChrysler intended to pursue this issue as to all possibly affected entries will not suffice. More is required to commence an action which will bind the parties at its conclusion.

## CONCLUSION

Jurisdiction lies over all of the entries in any protest listed on or attached to the summons. Entries not themselves listed and which are also not included in a listed protest are beyond the court's jurisdiction. From its review of the documents filed in this action, the court concludes that 97 entries covered by Protest 2304-93-100037 may be added. The summons may be amended to the extent permitted herein within 20 days hereof.

SO ORDERED.

/s/ Jane A. Restani
Jane A. Restani
Chief Judge

Dated : New York, New York.

This 22nd day of December, 2004.

## ERRATA

Please make the following changes to <u>DaimlerChrysler Corp. v. United States</u>, No. 02-00717, Slip Op. 04-160, December 22, 2004:

- Page 1, **BACKGROUND**, line 3: Replace "Harmonized Tariff System" with "the Harmonized Tariff Schedule"

- Page 2, paragraph 2, line 1: Replace "<u>DaimlerChrysler</u>, 361 F.3d 1378, test case" with "<u>DaimlerChrysler</u> test case"

- Page 2, paragraph 2, line 4: Replace "protest" with "protests"

December 27, 2004