# SLIP OP. 06-182

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| | : | |
| DAIMLERCHRYSLER CORP., | : | |
| | : | |
| Plaintiff, | : | Before: Jane A. Restani, Chief Judge |
| | : | |
| v. | : | Court No. 02-00717 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## OPINION AND ORDER

[Motion to amend summons denied.]

Dated: December 15, 2006

Barnes, Richardson & Colburn (Lawrence M. Friedman and Ilya Auryn Bakke), for the plaintiff.

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, Jeanne E. Davidson, Deputy Director, Barbara S. Williams, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Saul Davis); Michael W. Heydrich, Office of Assistant Chief Counsel, International Trade Litigation, Bureau of Customs and Border Protection, United States Department of Homeland Security, of counsel, for the defendant.

Restani, Chief Judge: This matter is before the court following final judgment, appeal therefrom, and a mandate from the United States Court of Appeals for the Federal Circuit affirming the judgment of the court. The matter is res judicata, and no valid basis for reopening the case has been alleged. Accordingly, plaintiff DaimlerChrysler Corp.'s ("Plaintiff") current motion to amend its summons is denied.

## FACTS

Plaintiff failed to include in its original summons in this action seven protests encompassing 403 entries, which it undoubtedly intended to include. The court determined, however, that it lacked jurisdiction over the entries and, therefore, could not permit amendment of the summons to include them. DaimlerChrysler Corp. v. United States, 350 F. Supp. 2d 1339 (CIT 2004) ("DaimlerChrysler I"). The court entered a final judgment as to the entries on February 24, 2005. The judgment was affirmed on appeal. DaimlerChrysler Corp. v. United States, 442 F.3d 1313 (Fed. Cir. 2006), reh'g den., No. 05-1357 (Fed. Cir. June 14, 2006) ("DaimlerChrysler II").[1] The mandate was issued on June 21, 2006. Plaintiff's new motion, filed on October 13, 2006, is based on USCIT R. 15(a) governing motions to amend pleadings. The previous motion to amend was based on USCIT R. 3(e) governing amendment of a summons.

## DISCUSSION

The court knows of no basis to relieve a party of the effects of a final judgment based solely on USCIT R. 15(a). Relief from judgment is governed by USCIT R. 60, which has not been asserted here.

Even if Plaintiff had filed a USCIT R. 60 motion, however, the court would likely deny such a motion as untimely, inter alia, because relief such as that now sought should have been sought earlier. Plaintiff did not have to wait to make its new argument for the Federal

---

[1]Plaintiff premised its rehearing motion on the same basis as is alleged here. The Federal Circuit denied the motion without comment.

Circuit to opine in this action that a summons in a tariff classification matter performs a similar

function as a complaint in federal district court.  See DaimlerChrysler II, 442 F.3d at 1320.  The

appellate court also appears to have implicitly ruled as to this "new" ground, which precludes

subsequent lower court action pursuant to Rule 60.  See 12 James Wm. Moore, et al., Moore's

Federal Practice § 60.12(1)(b) (3d ed. 2006).  In any case, it appears the one-year time limit of

USCIT R. 60(b) has not been met, and it likely is not mistake, inadvertence, or excusable neglect

within the scope of Rule 60(b) when counsel does not raise a dubious argument.

As suggested above, relief under USCIT R. 15(a) would also be denied.[2]  USCIT

R. 15(a) applies to pleadings as defined in the Rules of this court.  The USCIT Rules, which

must be read as a coherent whole, do not treat a summons as a complaint or any other type of

pleading for the purpose of amendment under USCIT R. 15(a).  According to USCIT R. 7(a),

pleadings are defined as "complaint[s]" and "answer[s]".  USCIT R. 3(e) provides for the

amendment of a summons, and Plaintiff's prior motion to amend the summons under USCIT R.

3(e) has already been denied.  See DaimlerChrysler II, 442 F.3d at 1321–1322.  Whether or not

---

[2]USCIT Rule 15(a) reads as follows:

> A party may amend the party's pleading once as a matter of course at any time
> before a responsive pleading is served or, if the pleading is one to which no
> responsive pleading is permitted and the action has not been noticed for trial, the
> party may so amend it at any time within 20 days after it is served.  Otherwise a
> party may amend the party's pleading only by leave of court or by written consent
> of the adverse party; and leave shall be freely given when justice so requires.  A
> party shall plead in response to an amended pleading within the time remaining
> for response to the original pleading or within 10 days after service of the
> amended pleading, whichever period may be longer, unless the court otherwise
> orders.

USCIT R. 15(a).

the Federal Circuit has expanded the definition of pleadings for certain other purposes, it has not altered the meaning of USCIT R. 15(a).

In addition, this claim does not qualify for relation back under USCIT R. 15(c),[3] because it does not fall into any of the three categories listed there: 1) the law providing the statute of limitation does not call for relation back; 2) the entries at issue do not arise out of the same conduct, transaction, or occurrence as the entries set forth in the summons, even if the same product is involved, see DaimlerChrysler II, 442 F.3d at 1319 (citing Novelty Imports, Inc. v. United States, 68 Cust. Ct. 362, 341 F. Supp. 1228, 1231 (1972));[4] and 3) the parties have not changed. See USCIT R. 15(c).

Moreover, had Plaintiff moved under USCIT R. 15(a) before final judgment was entered and had USCIT R. 15(a) somehow applied, the court would still be required to deny the

---

[3]USCIT Rule 15(c) reads in part as follows:

An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amendment arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party of the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4 for service of the pleadings commencing the action, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

USCIT R. 15(c).

[4]Plaintiff's desire to include the entries does not appear to qualify as an "attempt" to include the transaction in the "pleadings" under USCIT R. 15(c)(2). The court thinks rather that something more like transposing the entry numbers would be an "attempt."

motion.  As explained in <u>DaimlerChrysler I</u>, 350 F. Supp. 2d 1339, each entry represents a separate cause of action.[5]  Timely filing of a summons relating to each entry is essential.  28 U.S.C. § 2636(a) (2000); <u>DaimlerChrysler II</u>, 442 F.3d at 1317; <u>AutoAlliance Int'l, Inc. v. United States</u>, 357 F.3d 1290, 1293–94 (Fed. Cir. 2004).  Language in these opinions, which seems to resolve the timeliness issue by describing the statute as "jurisdictional," may be less than fully explanatory when viewed in the light of recent Supreme Court precedents.  <u>See</u>, <u>e.g.</u>, <u>Day v. McDonough</u>, 126 S. Ct. 1675 (2006) (time limit for writ of habeas corpus not to be applied inflexibly); <u>United States v. Brockamp</u>, 519 U.S. 347 (1997) (tax refund claim time limit not tolled); <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89 (1990) (limitations period for discrimination suit not tolled).  The Supreme Court's approach is to examine the relevant statute to determine if Congress intended for extension mechanisms such as waiver or tolling to apply. The court can discern no intent to allow extension of the time limit through the means of a procedural rule or to allow any other extension with regard to timely filing in this case.  Timing was completely within Plaintiff's control.  The requirement of timely summons for protest denial actions is a strict statutory requirement and no facts presented here can bring Plaintiff's new entries within that requirement.  The relation back provision of USCIT R. 15 cannot be used to circumvent this mandatory statutory requirement by relating back an additional and separate entry to an earlier filed summons as to another entry.

---

[5]The entries must be viewed as separate events, <u>inter</u> <u>alia</u>, so that the parties can retain the option of continued litigation on other similar entries, as provided in <u>United States v. Stone & Downer Co.</u>, 274 U.S. 225, 235–36 (1927).

Accordingly, Plaintiff's motion to amend the summons is DENIED.


                                                             <u>/s/ Jane A. Restani</u>
                                                                Jane A. Restani
                                                                Chief Judge

Dated this 15th day of December, 2006.
New York, New York.