Slip Op. 10-135

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FORD MOTOR COMPANY, | |
| Plaintiff, | |
| | Before: Leo M. Gordon, Judge |
| v. | |
| UNITED STATES, | Court No. 06-00217 |
| Defendant. | |

**OPINION**

[Defendant's motion for summary judgment granted; Plaintiff's cross-motion for summary judgment denied.]

Dated: December 16, 2010

Katten Muchin Rosenman, LLP (Bruce J. Casino); Office of General Counsel, Ford Motor Company (Paulsen K. Vandevert) for Plaintiff Ford Motor Company.

Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Tara K. Hogan, Trial Attorney); and Office of Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, U.S. Department of Homeland Security (Richard McManus), of counsel, for Defendant United States.

Gordon, Judge: Plaintiff, Ford Motor Company ("Ford"), challenges a decision of the United States Customs and Border Protection ("Customs") denying Ford's protest of Customs' refusal to refund harbor maintenance taxes ("HMT") Ford allegedly paid. The court has jurisdiction pursuant to 28 U.S.C. § 1581(a) (2006).[1] The court has already granted partial summary judgment for Defendant, sustaining Customs' denial of Ford's protest for the refund of alleged pre-July 1, 1990 HMT export payments. Ford Motor

---

[1] Further citations to Title 28 of the United States Code are to the 2006 edition.

Co. v. United States, No. 06-00217 (CIT Jan. 27, 2010), ECF No. 66 ("Jan. 27, 2010 Order"); see also Chrysler Corp. v. United States, 592 F.3d 1330 (Fed. Cir. 2010) ("Chrysler") (sustaining Customs' denial of a refund request for HMT allegedly paid on exports prior to July 1, 1990). Before the court are cross-motions for summary judgment for Ford's remaining claims for refunds of alleged post-July 1, 1990 HMT export payments. For the reasons set forth below, the court grants summary judgment for Defendant.

## Background

Familiarity with the HMT, 26 U.S.C. §§ 4461, 4462, and Customs' HMT refund regulation, 19 C.F.R. § 24.24(e)(4)(iv), is presumed. See generally Chrysler, 592 F.3d 1330, 1332-36 (Fed. Cir. 2010) (explaining history of HMT, HMT court decisions, and Customs' HMT refund regulation). The HMT refund regulation carries the force of law and is binding on the court. Id. at 1335-36. It provides that for alleged HMT export payments made on or after July 1, 1990, if Customs' records and the corresponding Harbor Maintenance Tax Payment Report ("HMT Payment Report") do not reflect either a paper or electronic record of the alleged payments, then the claimant must substantiate its refund request with "supporting documentation" to verify proof of payment. 19 C.F.R. § 24.24(e)(4)(iv)(C). Among the supporting documentation necessary to establish entitlement to a refund is a "copy of the Export Vessel Movement Summary Sheet" that "Customs accepted with the payment at the time it was made." Id. (emphasis added). In this action Ford has not challenged the validity of the Customs' HMT refund regulation, but instead seeks to prove its compliance with

Customs' HMT refund regulation as an evidentiary matter.  See Pl.'s Second Cross-Mot.

for Summ. J. at 7 ("Ford fully complied with the express conditions of the regulation."),

Ford Motor Co. v. United States, No. 06-00217 (CIT Sept. 3, 2010), ECF No. 78.

## Standard of Review

The Court of International Trade reviews Customs' protest decisions de novo.  28

U.S.C. § 2640(a)(1).  Customs' protest decisions enjoy a statutory presumption of

correctness, 28 U.S.C. § 2639(a)(1), which allocates to plaintiff the burden of proof on

contested factual issues arising from the protest.  See Universal Elecs., Inc. v. United

States, 112 F.3d 488, 492 (Fed. Cir. 1997).  Applied to this action, where plaintiff is

attempting to establish its compliance with Customs' HMT refund regulation as an

evidentiary (or factual) matter, the applicable statutory standards place on Ford the

burden of establishing by a preponderance that it has complied with Customs' HMT

refund regulation.  Rule 56 of this Court, in turn, permits summary judgment when "there

is no genuine issue as to any material fact . . . ." USCIT R. 56(c); see also Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Additionally, where a party fails to make

a showing sufficient to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial, summary judgment is

mandated against that party. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## Discussion

Ford's HMT refund request involves alleged payments made after July 1, 1990,

but for which there are no paper or electronic records reflected in Customs' HMT

Payment Report.  Under such circumstances Ford must produce "supporting

documentation" to verify its alleged payments. 19 C.F.R. § 24.24(e)(4)(iv)(C). As noted above, "supporting documentation" includes, among other things, a copy of the Export Vessel Summary Sheet that Customs accepted with the alleged HMT payment at the time it was made. Id.

Ford relies upon twenty Export Vessel Summary Sheets as its "supporting documentation" to substantiate its claimed HMT refund.[2] Missing from the record before the court, however, is any evidentiary proffer from Ford that the Export Vessel Summary Sheets were "accepted" by Customs at the time of Ford's alleged HMT payments, leaving unfulfilled a regulatory requirement that Ford had to prove that it satisfied by a preponderance of the record evidence. The record lacks evidence that Ford's Export Vessel Summary Sheets were ever mailed, transmitted, or delivered to, and ultimately accepted by, Customs at the time of Ford's alleged HMT payments. Compare Appendix to Def.'s Second Mot. for Summ. J. at 13-43, Ford Motor Co. v. United States, No. 06-00217 (CIT July 1, 2010), ECF No. 74-3, and Appendix A to Pl.'s Second Cross-Mot. for

---

[2] Ford's protest underlying this action covers, among other things, the twenty Export Vessel Summary Sheets. Ford, however, only referenced nine of them in its summons and complaint, waiting four and a half years into the litigation to raise the other eleven in its cross-motion for partial summary judgment. Defendant has moved to dismiss for lack of jurisdiction the court's consideration of these eleven Export Vessel Summary Sheets. It is undisputed, though, that Ford's protest covered the eleven Export Vessel Summary Sheets. The court, therefore, has jurisdiction to review Ford's HMT refund claims with respect to them. See Pollack Import-Export Corp. v. United States, 52 F.3d 303, 307-308 (Fed. Cir. 1995) (holding that failure to list in summons each individual entry covered by protest was not jurisdictional). Alternatively, the court does not reach the question of whether Ford waived its right to pursue them by waiting so long to raise the issue because, as explained within the opinion, Ford failed make a required evidentiary proffer demonstrating compliance with the HMT refund regulation for all twenty of Ford's Export Vessel Summary Sheets.

Partial Summ. J., <u>Ford Motor Co. v. United States</u>, No. 06-00217 (CIT Sept. 3, 2010), ECF No. 78 (containing internal Ford documents with no evidence of transmission, submission, or filing with Customs) <u>with</u> Appendix K (Stec Declaration and Attachments) to Pl's. First Mot. for Partial Summ. J., <u>Ford Motor Co. v. United States</u>, No. 06-00217 (CIT May 5, 2009), ECF No. 53 (containing pre-July 1, 1990 Export Vessel Summary Sheet, Declaration of Ford signatory attesting to filing with Customs) and Joint Status Report, <u>Ford Motor Co. v. United States</u>, No. 06-00217 (CIT April 7, 2010) ECF No. 71 ("The parties have concluded that this is the type of supporting documentation that would support a claim but that this particular payment was refunded to Ford during a prior administrative refund process."). Ford has therefore failed to make a showing sufficient to establish the existence of an element essential to Ford's case, and on which Ford bears the burden of proof at trial, mandating entry of summary judgment against Ford. <u>See</u> <u>Celotex</u>, 477 U.S. 322. Judgment will be entered accordingly.


                                                          /s/ Leo M. Gordon
                                                        Judge Leo M. Gordon


Dated:   December 16, 2010
         New York, New York